RENDERED: SEPTEMBER 3, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1622-MR

EVELYN HOSKINS AND HAROLD
HOSKINS

APPELLANTS

v.

APPEAL FROM KNOX CIRCUIT COURT
HONORABLE GREGORY A. LAY, JUDGE
ACTION NO. 17-CI-00229

THE CITY OF BARBOURVILLE,
KENTUCKY AND BARBOURVILLE
WATER & RECREATION PARK
A/K/A BARBOURVILLE WATER
PARK

APPELLEES

OPINION
AFFIRMING IN PART,
REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; KRAMER[1] AND McNEILL, JUDGES.

---

[1] Judge Joy A. Kramer concurred in this Opinion prior to her retirement effective September 1, 2021. Release of the Opinion was delayed by administrative handling.

CLAYTON, CHIEF JUDGE:  On July 27, 2017, the appellant, Evelyn Hoskins (hereafter "Hoskins"), purchased a ticket and was granted admission to Barbourville Water Park, which was operated by the appellee, The City of Barbourville, Kentucky (hereafter "Barbourville").  She remained in the water park for a period of two hours during which time she sustained burns to her feet after walking barefooted on the hot concrete for approximately ten minutes.  It is uncontested that the high temperature that day was 82 degrees and that Hoskins suffered from diabetic neuropathy, causing a lack of sensation in her extremities.

Hoskins alleges that she originally self-treated her feet and then later sought treatment at the LaFollette Medical Center in LaFollette, Tennessee.  She subsequently developed an ulcer and infection in her left foot that required amputation of part of that foot and her left fifth toe.  As a result, Hoskins filed suit against Barbourville in Knox Circuit Court alleging, *inter alia*, negligence, strict liability, and breach of contract.  The negligence claim was argued under an "open-and-obvious" theory.  At the close of discovery, the trial court granted Barbourville's motion for summary judgment as to these claims.  The court denied Barbourville summary judgment on its claim that it was entitled to immunity pursuant to the Claims Against Local Governments Act (hereafter "CALGA"), as codified under KRS[2] 65.2001 *et seq.*  Hoskins appealed to this Court as a matter of

_____

[2] Kentucky Revised Statutes.

right.  For the following reasons, we affirm the judgment of the trial court in part, reverse in part as to the issue of premises liability, and remand for additional proceedings.

## I. <u>STANDARD OF REVIEW</u>

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[3] 56.03.  The Kentucky Supreme Court further explained this summary judgment standard in *Steelvest, Inc. v. Scansteel Service Center, Inc.*:

> While it has been recognized that summary judgment is designed to expedite the disposition of cases and avoid unnecessary trials when no genuine issues of material fact are raised, this Court has also repeatedly admonished that the rule is to be cautiously applied.  The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor.  Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact.  The trial judge must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists.  It clearly is not the purpose of the summary judgment rule, as we have often declared, to cut litigants off from their right of trial if they have issues to try.

---

[3] Kentucky Rules of Civil Procedure.

807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). "Because no factual issues are involved and only a legal issue is before the court on the motion for summary judgment, we do not defer to the trial court and our review is de novo." *Univ. of Louisville v. Sharp*, 416 S.W.3d 313, 315 (Ky. App. 2013) (citation omitted). With these standards in mind, we turn to the applicable law and the facts of the present case.

## II.    ANALYSIS

As grounds for reversal, Hoskins argues that breach of duty is an issue of fact to be determined by the jury, not the trial court. For the following reasons and upon consideration of the specific facts of this case, we agree.

Beginning in 2010, the Kentucky Supreme Court modified traditional premises liability law involving open-and-obvious hazards. *See Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 385 (Ky. 2010) (hospital might reasonably foresee that curb located at emergency room entrance was a tripping hazard); *Shelton v. Easter Seals Soc., Inc.*, 413 S.W.3d 901 (Ky. 2013) (wires on the floor near a hospital bed could be considered by the jury to be an unreasonable risk). Under *Shelton*, the analysis we must now apply is as follows:

> 1) Along with the defendant's general duty of care, the defendant's duty is outlined by the relationship between the parties. *E.g.*, an invitor has a duty to maintain the premises in a reasonably safe condition in anticipation of the invitee's arrival.

2) Was the duty breached?

AND

3) Is the defendant's liability limited to some degree by the plaintiff[']s comparative negligence?

*Id.* at 908.

Barbourville does not contest that it owed Hoskins a general duty of care or a specific duty to maintain its premises in a reasonably safe condition. The sole issue before this Court is breach. As observed in *Shelton*, "[p]ractically speaking, this analysis will almost always begin with the breach question, given the broad sweep of the general duty of reasonable care. . . . We write today to shift the focus away from duty to the question of whether the defendant has fulfilled the relevant standard of care." 413 S.W.3d at 908, 910. Key considerations here are whether the hazard at issue created an unreasonable risk and whether that risk was foreseeable. *See id.* at 914 and *Grubb v. Smith*, 523 S.W.3d 409, 419 (Ky. 2017), *as modified on denial of reh'g* (Aug. 24, 2017) (an eroded patch of asphalt in a parking lot can constitute an unreasonable risk if, despite the obviousness, the landowner can still anticipate a distracted pedestrian being injured by it).

In applying this framework, the Sixth Circuit has aptly observed that:

[T]he Kentucky Supreme Court has repeatedly and explicitly declared that . . . the unreasonableness and foreseeability of the risk of harm is normally a question for the jury to determine in deciding whether the defendant breached its duty of care in all but the rarest of

-5-

circumstances. [As some examples], an unreasonable risk could be created by a simple curb outside an emergency room, wires on the floor near a hospital bed, ice in the parking lot of a hotel after a winter storm, the slipperiness of a wet hotel bathtub, and a small pothole between the pumps of a gas station.

*Dunn v. Wal-Mart Stores East, Ltd. P'ship*, 724 Fed. App'x. 369, 374 (6th Cir. 2018) (internal quotation marks and citations omitted).

In the same vein, the Kentucky Supreme Court has provided clear guidance concerning the appropriateness of a trial court's decision granting summary judgment in favor of the defendant-landowner. "[S]ummary judgment is to be cautiously employed for cases where there is no legitimate claim under the law and it would be impossible to assert one given the facts. Legitimate claims should be allowed to proceed to a jury. And we should not fear jury determinations." *Shelton*, 413 S.W.3d at 916-17. However, "[i]f reasonable minds cannot differ or it would be unreasonable for a jury to find breach or causation, summary judgment is still available to a landowner." *Id*. at 916.

As an example of the latter situation, we turn to *Dishman v. C & R Asphalt, LLC*, 460 S.W.3d 341 (Ky. App. 2014), in which this Court held that summary judgment for the defendant was appropriate. The plaintiff sued a retail store and paving contractor for injuries sustained after she tripped and fell over uneven pavement in the store's parking lot. *Dishman*, 460 S.W.3d at 342. On appeal, this Court held that the defendants did not breach their duty of care and,

-6-

therefore, were entitled to a judgment as a matter of law. *Id.* at 343. In so holding, the Court adopted the trial court's reasoning that the "hazard was 'incredibly open and obvious' and that everyone took every precaution and assumed the duty to warn." *Id.* at 347. This conclusion was "based upon the evidence in the record that [the landowner] had cordoned off the area where [plaintiff] fell using red lights and yellow caution tape. Furthermore, "[the plaintiff] did not dispute the presence of the barricades, caution tape, or work trucks or that these would have been sufficient to warn her of the danger and cause her to avoid the area had she noticed them." *Id.* Accordingly, the Court determined that "there is *only one reasonable conclusion* that can be reached; that [the defendant] did not breach its duty of care." *Id.* at 348 (emphasis added).[4]

By contrast, in *Goodwin v. Al J. Schneider Company*, which involved a slip and fall by a guest in a hotel bathtub, the Kentucky Supreme Court held that the hotel's failure to provide a bathmat could constitute a breach of duty, whether the hazard was open and obvious or not, and therefore summary judgment was inappropriate. 501 S.W.3d 894, 899 (Ky. 2016).

We believe that the present case is more analogous to *Goodwin* than to *Dishman*. For example, in contrast to *Dishman*, Barbourville has failed to cite to any evidence of record indicating that it attempted to either correct the specific

---

[4] Discretionary review in this case was denied by the Kentucky Supreme Court on June 3, 2015.

hazard at issue or to warn of that hazard. *Shelton*, 413 S.W.3d at 915 ("either the [hazard] should have been eliminated or some other precaution should have been taken to eliminate or more adequately warn of the hazard."). And although hot concrete may not be as open-and-obvious a hazard as that discussed in *Dishman*, it may nevertheless prove an unreasonable risk that is at least categorically similar to the slippery bathtub discussed in *Goodwin*, the loose wires at issue in *Shelton*, or the eroded patch of asphalt discussed in *Grubb*. In any event, we cannot conclude that the hazard at issue here could not be corrected by any means or that it is beyond dispute that the landowner did all that was reasonable to correct or warn of the situation. *See Goodwin*, 501 S.W.3d at 900.

However, this does not foreclose a consideration of comparative fault. "[U]nder comparative negligence an invitee's negligence does not foreclose recovery, it merely reduces it." *Id*. at 899-900.

Lastly, Hoskins submits no controlling authority in support of her claims that Barbourville is strictly liable and contractually liable. We find her arguments otherwise unconvincing and need not address these issues further. As to Barbourville's argument that it is entitled to immunity pursuant to CALGA, it has provided no citation to the record or controlling authority in support of that claim. Therefore, we need not further address the issue of immunity.

### III. CONCLUSION

For the foregoing reasons, we affirm the Knox Circuit Court's grant of summary judgment as to the appellant's claims of strict liability and contractual liability and its denial of immunity under CALGA to the defendants. We reverse the summary judgment as to the common law claims of premises liability and remand this case for further proceedings consistent with this Opinion.

KRAMER, JUDGE, CONCURS.

McNEILL, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

McNEILL, JUDGE, DISSENTING: I respectfully dissent. As the majority correctly cites, key considerations in open-and-obvious cases are whether the hazard at issue created an unreasonable risk and whether that risk was foreseeable. However, examples of risks that are not considered unreasonable "may include a small pothole in the parking lot of a shopping mall; steep stairs leading to a place of business; or perhaps even a simple curb." *Shelton v. Easter Seals Soc., Inc.*, 413 S.W.3d 901, 914 (Ky. 2013). I believe that the sun making a surface hot at a water park in the summer is directly analogous to those examples articulated by our Supreme Court. Indeed, perhaps nothing is more open-and-obvious than the light and heat of the summer sun.

While I am conscious of the severity of the injury Hoskins endured, I also believe that Barbourville could not reasonably have foreseen the injury to Hoskins' feet arising from the sun heating the concrete. Therefore, the present case is one of those admittedly rare open-and-obvious cases where "reasonable minds cannot differ" and "it would be unreasonable for a jury to find breach or causation[.] . . ." *Shelton*, 413 S.W.3d at 916; *see also Dishman v. C & R Asphalt, LLC*, 460 S.W.3d 341, 348 (Ky. App. 2014). Accordingly, I believe that summary judgment in favor of Barbourville was appropriate here.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| C. Bishop Johnson<br>Pineville, Kentucky | Licah H. Farah, Jr.<br>Alexandra DeMoss-Campbell<br>Lexington, Kentucky |