DICK'S SPORTING GOODS,
INC., Appellant

v.

Betty C. WEBB, Appellee.

No. 2011–SC–000518–DG.

Supreme Court of Kentucky.

Nov. 21, 2013.

As Corrected Nov. 25, 2013.

Phillip A. Sammons, Jason Michael Nemes, Louisville, Counsel for Appellant.

Kelly P. Spencer, Lexington, Bradly F. Slutskin, Counsel for Appellee.

Kevin Crosby Burke, Louisville, Counsel for Amicus Curiae, Kentucky Justice Association.

Opinion of the Court by Chief Justice MINTON.

On a rainy day during the busy Christmas shopping season, Betty Webb entered Dick's Sporting Goods. As she walked in, she noticed that the mats covering the tile floor at the front of the store had shifted and a puddle of water had collected between the mats. Webb attempted to avoid the puddle by stepping onto a nearby tile, which she believed was dry. But that tile was wet. Webb slipped and fell to the floor, allegedly sustaining substantial injuries.

Webb sued Dick's Sporting Goods, claiming the store was negligent in maintaining its premises. Dick's Sporting Goods denied that it owed any duty to Webb because the condition of the floor that day was open and obvious. The trial court granted summary judgment in favor of Dick's Sporting Goods on open-and-obvious grounds. The Court of Appeals, in reliance on our opinion in *Kentucky River Medical Ctr. v. McIntosh,*[1] reversed the trial court's grant of summary judgment.

We granted discretionary review to analyze further, given the different circumstances presented by this case, the reach and effect of *McIntosh*. But after reviewing the record in this case, we do not perceive our holding in *McIntosh* as governing. We simply do not view this as an open-and-obvious case. Although we affirm the holding of the Court of Appeals that the trial court erred by granting summary judgment, we differ with the Court of Appeals on the reasons for so holding. Dick's Sporting Goods had an affirmative duty to maintain its store premises in a reasonably safe condition, and whether Dick's Sporting Goods breached that duty is a question for the jury to decide.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Betty Webb and her neighbor ventured out in pouring rain to do some Christmas shopping at Dick's Sporting Goods. Upon her arrival, Webb noticed puddles in the parking lot and proceeded cautiously to the store's entrance. As Webb entered the store, she immediately stepped onto floor mats that Dick's Sporting Goods had placed in the entryway to soak up water tracked in by customers. Webb saw the

1. 319 S.W.3d 385 (Ky.2010).

floor mats had shifted from their customary parallel formation into a "V" shape. A visible pool of water had formed in the center of the "V." According to Webb, the mats were wet and spongy. Dick's Sporting Goods placed no signage at the front of the store to warn customers that the floor may be wet.

A crowd of other customers attempting to enter Dick's Sporting Goods at the same time surrounded Webb. In an attempt to avoid the visible pool of water in the "V," Webb stepped off of one of the mats and tried to step onto a tile that appeared to her to be dry. But in fact the tile was wet. As she stepped onto the tile, she slipped and fell forward, injuring her knees, arms, and shoulders. A store employee witnessed the fall.

Webb brought this action against Dick's Sporting Goods. In Webb's discovery deposition, she acknowledged that there were a number of fellow customers entering the store at the same time, which made it difficult for her to avoid the pool without pausing momentarily and waiting for people to pass. Webb acknowledged that her shoes were wet and that the lighting in the store was bright. Webb also admitted that had Dick's Sporting Goods placed a sign near the entrance to warn of wet floors, the warning probably would not have dissuaded her from entering the store.

Dick's Sporting Goods moved the trial court for summary judgment, asserting that the wet floor causing Webb's injury was an open-and-obvious condition, which barred Webb's claim because the open-and-obvious condition eliminated any duty potentially owed to Webb. The trial court agreed with the position of Dick's Sporting

Goods, ruling that there was no duty to eliminate or warn of the water because of its open-and-obvious nature.

Webb appealed to the Court of Appeals. During the pendency of the appeal, we rendered *McIntosh*. *McIntosh*, emphasizing a landowner's unwavering general duty of reasonable care, sought to modernize and clarify our jurisprudence involving open-and-obvious hazards. Reversing the trial court in this case, the Court of Appeals relied heavily on *McIntosh* to hold that (1) Dick's Sporting Goods had a duty to take reasonable steps to eliminate or reduce open-and-obvious hazards and (2) whether Dick's Sporting Goods satisfied that duty was a fact-question for the jury.

## II. ANALYSIS.

On appeal, Dick's Sporting Goods argues the trial court properly granted summary judgment because Webb presented no evidence to show an affirmative duty either to warn of or to remedy the pooled water was owed her. Webb responds that the injury she sustained was foreseeable by Dick's Sporting Goods and, as a result, the store was required to exercise reasonable care in maintaining its premises. We agree with Webb.

■■■ Because this case was decided on a motion for summary judgment, we must first review the applicable standards of appellate review for such cases. Summary judgment is an extraordinary remedy to be used only "to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at trial warranting a judgment in his favor against the movant."[2] Under Kentucky Rules of Civil Procedure (CR)

---

2. *Steelvest, Inc. v. Scansteel Service Ctr., Inc.,* 807 S.W.2d 476, 483 (Ky.1991) (quoting *Paintsville Hosp. Co. v. Rose,* 683 S.W.2d 255, 256 (Ky.1985)). *Impossible* is meant in "a practical sense, not in an absolute sense." *Perkins v. Hausladen,* 828 S.W.2d 652, 654 (Ky.1992).

56.03, summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ The review of summary judgment on appeal does not involve fact finding. Only legal questions must be resolved.[3] So we review the issue de novo with no obligation to offer the trial court's decision deference.[4] The material facts of this case are undisputed. As a result, the remaining issue is whether Dick's Sporting Goods owed—and if so, breached—a duty to Webb to exercise reasonable care. Up to this point in the litigation, this case has been argued as one involving an open-and-obvious hazard. But we see the circumstances differently and affirm on other grounds. As a result, we do not find *McIntosh* applicable to this case. Of course, we can affirm on any grounds supportable by the record.[5]

### A. Webb was not Injured as a Result of an Open–and–Obvious Hazard.

■ Traditionally, as the trial court found, "land possessors cannot be held liable to invitees who are injured by open and obvious dangers."[6] Accordingly, if a plaintiff was injured by an open-and-obvious hazard, the landowner, regardless of any negligent conduct on its part, had a complete defense to any asserted liability.

In *McIntosh,* this Court moved away from a rote application of the former rule and adopted Section 343A of the Restatement (Second) of Torts, holding a defendant liable for harm resulting from an open-and-obvious condition if the harm could be anticipated, the plaintiff's knowledge of the condition or the obviousness of the condition notwithstanding. Despite the groundbreaking nature of our decision in *McIntosh,* we did not alter what is actually required to find an open-and-obvious condition. That is to say, *McIntosh* altered the treatment of plaintiffs bringing claims involving open-and-obvious dangers; but it did not alter what actually constitutes an open-and-obvious hazard. Post-*McIntosh,* an open-and-obvious danger is what it was pre-*McIntosh.*

■ Simply put, the case before us does not present an open-and-obvious hazard. An open-and-obvious condition is found when the danger is known or obvious. The condition is *known* to a plaintiff when, subjectively, she is aware "not only ... of the existence of the condition or activity itself, but also appreciate[s] ... the danger it involves."[7] And the condition is *obvious* when, objectively, "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judg-

---

3. *Davis v. Scott,* 320 S.W.3d 87, 90 (Ky.2010) (citing *3D Enterprises Contracting Corp. v. Louisville and Jefferson County Metropolitan Sewer Dist.,* 174 S.W.3d 440, 445 (Ky.2005)). A court may determine if an issue of material fact exists, and that determination does not constitute fact finding.

4. *Id.*

5. *Emberton v. GMRI, Inc.,* 299 S.W.3d 565, 576 (Ky.2009) ("Moreover, an appellate court may affirm a lower court's decision on other grounds as long as the other court reached

the correct result."); *see also Kentucky Farm Bureau Mut. Ins. Co. v. Gray,* 814 S.W.2d 928, 930 (Ky.App.1991).

6. *McIntosh,* 319 S.W.3d at 388 (citing Restatement (First) of Torts § 340 (1934)).

7. Restatement (Second) of Torts § 343A(1) cmt. b (1965). This definition of *known* or *obvious* became applicable in our open-and-obvious jurisprudence in *Bonn v. Sears, Roebuck & Co.,* 440 S.W.2d 526, 529 (Ky.1969) (focusing on *obvious* from Restatement (Second) § 343).

ment."[8] It is important to note that Restatement (Second) § 343A does not require both elements to be found. The defendant will not be subject to liability if the condition is either known *or* obvious.

In entering the store, Webb certainly encountered an open-and-obvious hazard. The pool of water in the center of the mat "V," as well as the soaked condition of the mats themselves were both known and obvious to Webb. According to her own account, the "V" was clearly visible to Webb.' And she appreciated the danger, evidenced by her attempt to step around the pool of water.[9] Furthermore, the pool of water and the risk associated with it were of such a nature that a reasonable person, in the position of a store entrant, would recognize. But, at least arguably, the "V" and its accumulated water did not cause Webb's fall.[10]

Webb departed from the mats in an attempt to avoid the puddle and took a small step—approximately fifteen inches-onto a nearby tile. In doing so, Webb was confident the nearby tile was dry because it appeared to her to be dry. But to her shock,[11] the tile was, in fact, not dry. Webb "didn't know it was wet until [she] actually felt it when [she] fell." She was unsure of the amount of water on the tile but testified that her sweater became wet upon her fall. This is not the testimony of an individual who has suffered an injury as a result of an encounter with an open-and-obvious hazard. Webb did not have "knowledge of the existence of the condition" or "appreciation of the danger" associated with it.

Furthermore, a reasonable person in Webb's position, exercising ordinary care, may not have noticed the condition either because of the inherent difficulty of detecting moisture on a tile floor. A reasonable person seeking to avoid the puddle might have stepped off of the mats because the surrounding tiles appeared to be dry. This case does not present a situation where the plaintiff is arguably distracted or where the plaintiff arguably could have, by exercising reasonable care, detected a hazardous condition. Here, because of the appearance of the tile and the water, the condition was not easily perceptible without closer inspection beyond the exercise of reasonable care. Again, Webb testified that she looked at the tile and in the instant before taking action was unable accurately to perceive the condition of the tile. Reasonable care does not require more of an invitee. As a result, the wet tile was not *known* or *obvious*.

It is important to point out that this opinion should not be read to create a

---

8. *Id.*

9. Webb's account of the events of her fall, recited during her deposition, more clearly reveal this point:
 Q: You then noticed some water in between the two mats; correct?
 A: Yes.
 Q: And in order to avoid the water on the tile, you stepped over it; correct?
 A: Yes.
 Q: And you tried to step over it because you knew water on tile is slick; correct?
 A: Yes.

10. Again, we are aware that, to this point, the case has been practiced as an open-and-obvious case. Summary judgment would be inappropriate even under this theory of the case. Causation is not entirely clear and would be sufficient for denying summary judgment because a question of material fact arguably remains. But in an attempt to avoid interjecting any unnecessary confusion into our evolving open-and-obvious jurisprudence, our judgment does not rest on this ground.

11. Webb's deposition:
 Q: Were you in shock?
 A: Yes. . . .
 Q: Again, you said you were surprised.
 A: But not in shock enough to pass out, you know.

hyper-technical form of review for the existence of open-and-obvious dangers. The circumstances presented in this case are unique, and the testimony of the injured party makes clear that she did not notice the dangerous condition of the tile. And, objectively, we are unable to find the condition obvious to a reasonable person in Webb's position. The condition that caused Webb's injury, itself, did not put Webb on notice of the danger. Webb's situation is not analogous to attempting to step over a hole, an open-and-obvious condition, but being injured by tripping on the edge, similarly open-and-obvious. Rather, Webb attempted to avoid the open-and-obvious hazard and encountered a condition that was dangerous and inconspicuous. The instant circumstances would be similar to stepping over the clearly visible hole to the other side, which appears secure, only to have it collapse, causing injury. Accordingly, this case lies outside of the open-and-obvious line of cases and is more appropriately viewed through the lens of traditional negligence principles.

**B. Dick's Sporting Goods had an Affirmative Duty to Maintain the Entryway.**

Generally speaking, a landowner is not exempt from the overarching duty of reasonable care that pervades our negligence law. "The concept of liability for negligence expresses a universal duty owed by all to all." [12] And "every person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury." [13] "A customer of a store, when on that part of the premises where customers are expected to go, is an invitee." [14] More specifically with regard to the invitees, we have routinely held that "landowners owe a duty to invitees to discover unreasonably dangerous conditions on the land and either correct them or warn of them." [15] Of course, possessors are not required to ensure the safety of individuals invited onto their land; but possessors of land are required to maintain the premises in a reasonably safe condition.[16]

As *McIntosh* makes clear, Dick's Sporting Goods, as a possessor of land, has a duty to maintain reasonably safe premises for its patrons. This duty involves the responsibility to "discover unreasonably dangerous conditions on the land and either correct them or warn of them." [17] The open-and-obvious doctrine merely eliminates the duty to warn of a

---

**12.** *Gas Service Co. v. City of London,* 687 S.W.2d 144, 148 (Ky.1985).

**13.** *Grayson Fraternal Order of Eagles, Aerie No. 3738, Inc. v. Claywell,* 736 S.W.2d 328, 332 (Ky.1987).

**14.** *Lyle v. Megerle,* 270 Ky. 227, 109 S.W.2d 598, 599 (1937).

**15.** *McIntosh,* 319 S.W.3d at 388.

**16.** *Scuddy Coal Co. v. Couch,* 274 S.W.2d 388, 390 (Ky.1954). *See also* Dan B. Dobbs, et al, The Law of Torts § 276 (2d ed. updated 2013) ("The landowner owes to the invitee a nondelegable duty of care to make conditions on the land reasonably safe.... In some cases but not all, reasonable care under the circumstances requires an inspection of the premises and active steps to make them safe. In other cases, the landowner may satisfy his duty of reasonable care by providing a warning.") (internal citations omitted); William Prosser & W. Page Keeton, Prosser & Keeton on Torts § 61 (5th ed. 1984) ("The occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection. But the obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm.").

**17.** *McIntosh,* 319 S.W.3d at 388 (citing *Perry v. Williamson,* 824 S.W.2d 869, 875 (Ky. 1992)).

condition because the condition itself serves as ample warning. As we said in *McIntosh*, "the absence of the duty to warn does not mean there is no duty at all, simply because the 'duty of reasonable care may require precautions other than a warning, including employing durable precautions that eliminate or reduce the risk posed.'"[18] But when the condition is neither *known* nor *obvious* to the invitee, as previously determined, the full weight of the duty to maintain reasonably safe premises remains. Accordingly, with no *known* or *obvious* danger present, a landowner owes a duty of reasonable care to those individuals invited onto the landowner's property, and the landowner must inform invitees of or eliminate any unreasonable dangers that would otherwise be undetected.

Under the circumstances present in this case, with water being tracked in as a result of the natural conditions outside, we find *Lyle v. Megerle* to be analogous. In *Lyle*, Mrs. Lyle entered a local butcher shop where, "[a]fter a season of snow and cold weather," "snow had been melting throughout the day," and the "slush had been tracked in by customers."[19] The floor of the butcher shop was tiled, and the accumulation of slush was very slick.[20] Mrs. Lyle, not noticing the condition of the floor, took four or five steps into the shop before slipping, falling, and sustaining injury. Mrs. Lyle brought suit against the butcher shop, "alleging negligence upon his part in permitting the slush and water upon the floor."[21] But the trial court granted the defendant's motion for a peremptory instruction, and consequently a verdict was returned in the butcher shop's favor.[22]

The *Lyle* Court disagreed with the trial court. In its opinion, the Court noted that a defendant is "under the duty of exercising ordinary care to have the floor where the plaintiff fell in a reasonably safe condition for her use."[23] The failure to exercise ordinary care renders the defendant liable for damages. The Court further held that the slippery condition of the floor had been developing for a considerable period of time in plain view of the defendant. And "[t]he duty, in respect of maintaining the premises in a safe condition, is an *active, affirmative, and positive one*."[24] According to the Court, it was "the *failure to act* which created the condition."[25]

We see no meaningful distinction between *Lyle* and the facts of this case. Dick's Sporting Goods is undoubtedly subject to a duty of reasonable care and to maintain the premises in a reasonably safe condition, as was the butcher shop in *Lyle*.

18. *Id.* at 393. "In short, '[e]ven where the condition is open and obvious, a landowner's duty to maintain property in a reasonably safe condition is not obviated; it merely negates the requirement to warn of such a condition.'" *Id.* (quoting *Phelan v. State*, 11 Misc.3d 151, 804 N.Y.S.2d 886, 898 (N.Y.Ct. Claims 2005)).

19. *Lyle*, 109 S.W.2d at 599.

20. *Id.*

21. *Id.*

22. This case was decided before the adoption of the current Kentucky Rules of Civil Procedure. A peremptory instruction is no longer a part of our civil practice. Granting a motion for a peremptory instruction involves giving an instruction to a jury in which it is stated that if the jury agrees with the facts presented, they must find for the party who moved for the instruction. Today, directed verdict would be analogous to a peremptory instruction.

23. *Lyle*, 109 S.W.2d at 599.

24. *Id.* at 600 (emphasis added).

25. *Id.* (emphasis added).

Webb slipped and fell on water allegedly tracked in from outside during inclement weather similar to Mrs. Lyle's slipping on slush that was tracked in because of changing outdoor conditions. Furthermore, it was potentially the failure to act by Dick's Sporting Goods that created the condition of the tiles being wet and the mats shifting into a "V."

 Accordingly, under our established case law, Dick's Sporting Goods had an affirmative duty to maintain the premises in a reasonably safe condition. So the trial court erred when it found that Dick's owed no duty to Webb as a matter of law. Webb was allegedly exposed to an unreasonable risk of harm that was fully foreseeable to Dick's Sporting Goods.[26] And it was foreseeable that a customer may not be able to detect whether the tile was wet or not upon a cursory inspection. Indeed, in *Lyle,* the Court aptly stated, "The smooth surface and impervious quality of tile makes the accumulation of such substance as described in this case a situation from which such an accident should well have been anticipated. It would be an extreme view to take that reasonable men could not have foreseen the possibility of a customer slipping on [water] on a smooth tile floor."[27] Whether Dick's Sporting Goods satisfied this duty remains unanswered. Summary judgment was improper, and the determination of whether Dick's Sporting Goods breached its duty should be decided by the jury.

Dick's Sporting Goods argues that it is not liable even if it had a duty to Webb. Although we do not need to address some of the arguments presented because they deal with liability under the open-and-obvious doctrine, we do reject the argument that the water on the floor was not correctable and, therefore, there was no breach of an applicable duty. Repeatedly, Dick's Sporting Goods claims liability should not attach because Webb has offered no evidence of any steps that it could have taken to remedy the hazard. To defeat summary judgment, a plaintiff is not required to provide a detailed explanation for how the defendant could fix the hazard. Furthermore, reasonable care does not require the hazard to be fully remedied.

The actions taken by Dick's Sporting Goods belie the claim that the hazard was irremediable. For example, Dick's Sporting Goods attempted to remedy the hazard with the use of mats. Webb testified that the store could have done numerous things to correct the problem, including putting the mats together, extending the mats, or putting a heater or fan nearby. Whether or not the simple use of mats—without maintaining watch over them or making sure they continued to perform their intended function adequately—was sufficient to satisfy the duty of reasonable care owed by Dick's Sporting Goods, is a question for

---

26. An unreasonable risk is one that is "recognized by a reasonable person in similar circumstances as a risk that should be avoided or minimized" or is "in fact recognized as such by the particular defendant." Dan B. Dobbs, The Law of Torts § 143, p. 335 (2001). Phrased differently, "[a] risk is not unreasonable if a reasonable person in the defendant's shoes would not take action to minimize or avoid the risk." *Id.* at 336. This Court has previously stated that unreasonable risks "are those which society, in general, considers suf-ficiently great to demand" precautions. *North Hardin Developers, Inc. v. Corkran by Corkran,* 839 S.W.2d 258, 262 (Ky.1992). The risk of slick flooring causing customers to fall and suffer injury is a risk that is entirely foreseeable to a commercial business like Dick's Sporting Goods. And it is a risk against which society demands reasonable precautionary measures.

27. *Lyle,* 109 S.W.2d at 600.

the jury.[28]

Additionally, Dick's Sporting Goods repeatedly argues that Webb was aware of the water on the floor. The well-known physical properties of water may serve as an indicator that surrounding tiles may be wet, but the current state of the record refutes the notion that Webb was aware of any water spreading to nearby tiles.[29] Webb's testimony is clear that she was trying to step beyond the hazard presented by the pool of water in the "V" when she stepped off the mats, and she was unaware that the tile she chose was wet until she slipped on it. As we previously stated, the adjacent tiles provided no warning of danger. In light of the facts, this argument lacks merit.

Dick's Sporting Goods also points out that Webb could have waited for other customers to pass and then continued on the mats rather than stepping onto the adjacent tile. Although this is a valid point, it does not weigh on whether Dick's Sporting Goods has a duty. A duty most certainly exists. Instead, Webb's decision to abandon the mats weighs on comparative fault, which is an issue more properly resolved by the jury rather than via summary judgment. We concede that, as Dick's Sporting Goods argues, Webb could have endured a brief delay and allowed fellow customers to pass in order to continue walking on the mats. But a plaintiff's failure, when deciding among various behaviors, to elect arguably the most reasonable option does not warrant summary judgment for the defendant. Adopting a debatably less reasonable alternative course of action may result in a finding of negligence against the plaintiff, but the mere finding of negligence does not bar her claim under our comparative negligence regime. To hold otherwise would resurrect contributory negligence.

██ "A customer in a store may assume that the floor will be free from obstructions of a dangerous nature and from a slippery spot, although he may not walk blindly, irrespective of obvious danger."[30] Summary judgment was improper in this case. The jury should have been allowed to consider whether Dick's Sporting Goods exercised reasonable care in maintaining its premises.

### III. CONCLUSION.

We affirm the Court of Appeals and remand the case to the trial court for further proceedings. Dick's Sporting Goods had an affirmative duty to Webb. Whether Dick's Sporting Goods breached that duty is an issue of material fact for the jury to decide.

**28.** Other jurisdictions have required more than the simple use of mats. *See, e.g., Adams v. Winn–Dixie Stores, Inc.,* 192 Ga.App. 892, 386 S.E.2d 686, 687 (1989).

**29.** Perhaps one could argue that simply because of the rain outside, the inherent nature of water, or the wet soles of her shoes, Webb should have been aware that water would be present in other areas of the store beyond the mats. The mere occurrence of inclement weather outside and the presence of a puddle near the entryway cannot put a customer on notice that the entire surrounding floor is dangerous, or the floor throughout the entire store is dangerous. That is not part of this Court's calculus when determining if summary judgment was appropriate, nor should it be. The weight to be given to such factors is within the province of the jury. Additionally, the mentioned factors may be useful to argue Webb was negligent. But as we mention below, Webb's own negligence is not a bar to her claim or grounds for summary judgment.

**30.** *Lyle,* 109 S.W.2d at 600–01. It should be noted that our case law has been clear that an invitee is not required to watch each footstep as they walk. *See Humbert v. Audubon Country Club,* 313 S.W.2d 405, 407 (Ky.1958).

ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., sitting.; ABRAMSON, NOBLE, and VENTERS, JJ., concur. SCOTT, J., concurs in result only by separate opinion in which CUNNINGHAM, J., joins. KELLER, J., not sitting.

SCOTT, J., Concurring in Result Only:

For the reasons expressed in *Shelton v. Kentucky Easter Seals Society, Inc.,* 413 S.W.3d 901, No. 2011–SC–000554–DG, 2013 WL 6134212 (Ky. Nov. 21, 2013), I concur in result only as this truly was a fall caused by a "hidden defect" and thus, would have been protected from application of the "open and obvious" danger rule anyway, were it still the law. *See Horne v. Precision Cars of Lexington, Inc.,* 170 S.W.3d 364, 368–70 (Ky.2005); *see also Estep v. B.F. Saul Real Estate Inv. Trust,* 843 S.W.2d 911 (Ky.Ct.App.1992). Thus, I would stay with the old rule and, thus, concur in result only.

CUNNINGHAM, J., joins.