NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0086n.06

No. 15-5742

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 09, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOSEPHINE WILEY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| SAM'S EAST, INC., | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:     SUHRHEINRICH and MOORE, Circuit Judges; LUDINGTON, District Judge.*

SUHRHEINRICH, Circuit Judge.    Plaintiff-Appellant, Josephine Wiley (Wiley), a business invitee, was injured after she tripped over an orange cone near an end-of-aisle display at the Elizabeth, Kentucky Sam's Club.  The district court granted summary judgment to Defendant Sam's East (Sam's Club).[1]   Wiley argues on appeal that the district court erred in granting summary judgment because there are genuine issues of material fact as to whether the flooring and display were open and obvious, and whether they posed an unreasonable, foreseeable risk of harm.[2]

---

*The Honorable Thomas L. Ludington, United States District Judge of the Eastern District of Michigan, sitting by designation.

[1]Wiley sued Sam's Club.  On January 13, 2014, the parties entered into an agreed order of substitution of Sam's East, Inc. for Sam's Club.

[2]The district court had subject matter jurisdiction under 28 U.S.C. § 1332.

We have reviewed the parties' briefs; the record, including the Wileys' depositions, the picture of the display, and the security video of her fall; and Kentucky law, as set forth in *Kentucky River Medical Center. v. McIntosh*, 319 S.W.3d 385 (Ky. 2010), *Shelton v. Kentucky Easter Seals Society, Inc.*, 413 S.W.3d 901 (Ky. 2013), and *Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891, 900 (Ky. 2013). We conclude that the district court properly applied the substantive state law of Kentucky to the facts of this case. As the district court thoroughly explained, as of 2010, Kentucky follows the modern approach outlined in the Restatement (Second) of Torts § 343A (1965), which shifts the focus in open and obvious cases from the duty analysis to the standard of care owed to the plaintiff. Under this analysis the district court carefully evaluated the evidence and properly concluded that Sam's Club did not breach its duty to warn because "the 'condition' [an orange warning cone] was quite literally 'a warning in itself.'" The court further concluded that Sam's Club did not breach its duty to maintain reasonably safe premises because the orange cone was an objectively obvious hazard that did not present an unreasonable risk of harm under Kentucky law. No jurisprudential purpose would be served by the issuance of a lengthy opinion on our part.

Wiley attempts on appeal to create a fact question as to exactly what caused her to trip—the cone or the flooring—by pointing to her deposition testimony that she initially tripped on the flooring and landed on the orange cone. Wiley did not make this argument in the district court, arguing exclusively that she tripped over a cone. *See* R. 25. She is precluded from doing so now. *See Mich. Bell Tel. Co. v. Strand*, 305 F.3d 580, 590 (6th Cir. 2002) ("Propounding new arguments on appeal in attempting to prompt us to reverse the trial court—arguments never considered by the trial court—is not only somewhat devious, it undermines important judicial values. . . . In order to preserve the integrity of the appellate structure, we should not be

considered a 'second shot' forum, a forum where secondary, back-up theories may be minted for the first time." (citations and some quotation marks omitted)).

Thus, for the reasons articulated in its memorandum opinion and order filed on June 12, 2015[3], the judgment of the district court is **AFFIRMED**.

---

[3]The dissent glosses over the district court's findings of undisputed facts and turns a blind eye to the video in this case. As the district court held, "[w]hile foreseeability and breach are often jury questions, this is a case where no reasonable jury could find that Sam's Club breached its duty of care." As the district court noted:

> The cause of Wiley's fall is undisputed: she tripped over an orange cone, eleven or twelve inches tall. (Wiley Dep. 29:15-33:6). Sam's Club had placed that cone and another on the corners of a four-foot wide flooring display for Swiffer mops—presumably to warn customers about the unstable ground. (Def.'s Mot. for Summ.J. Ex.3, DN 21-4). The concrete floor around the cone was well-lit, dry, and free of debris. (Wiley Dep. 35:24-36:18). Wiley claims that she did not see the cones until it was too late, though a surveillance video shows her walking by the display three times and stopping to look at least once before her fall. (Video, DN 22).

Furthermore, the video, DN 22, as well as the Photograph of Display and Cone, establish that not only were the aisles wide and spacious, but also that the cones were set out in the aisle area and not jammed against the display table as the dissent suggests. *See* Photograph and Display of Cone, which is attached to this opinion. A reasonable shopper in Wiley's position whose gaze was focused on merchandise at shelf level would have perceived these bright orange warning cones in her field of vision, *especially one who had passed by them several times*. Indeed, the video and photograph supply the viewpoint from Wiley's perspective the first three times she walked by the cone. The dissent also tries to conflate the subjective and the objective in the open-and-obvious doctrine, which, as the dissent acknowledges elsewhere in its opinion, applies if the condition that caused an invitee's injury was "either known *or* obvious." Dissent at 1 (quoting *Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891, 896 (Ky. 2013)).

The district court properly analogized the warning cone to the *Shelton* court's examples of open-and-obvious risks that do not ordinarily present an unreasonable risk of harm, like a small pot hole in a shopping mall parking lot. In the words of the district court: "[i]f a small pothole in a parking lot does not pose an unreasonable risk of harm requiring action by a land-possessor, then a twelve-inch high orange cone does not either," especially given the facts and circumstances in this case—namely that the plaintiff had already passed by this display from a head-on angle three times before she fell.



Case 3:14-cv-00054-GNS-CHL  Document 21-4  Filed 02/27/15  Page 1 of 1 PageID #: 119

**KAREN NELSON MOORE, Circuit Judge, dissenting.** While shopping at a Sam's Club in Elizabethtown, Kentucky, Josephine Wiley tripped over a twelve-inch-tall orange cone that was placed next to a display of flooring tiles on the floor at the end of a shopping aisle. The flooring display was itself adjacent to a display table, and Wiley fell as she rounded the aisle's corner and passed that table. Wiley argues that the cone created an unreasonable risk of injury that Sam's East should have foreseen. The district court, granting summary judgment to Sam's East, held that the cone was an open and obvious condition that did not create an unreasonable risk of injury. I agree with the majority that Wiley is precluded from contesting the district court's finding that the cause of her fall was the cone—rather than the flooring display itself. *See* Maj. Op. at 2–3. I dissent, however, because genuine issues of material fact exist regarding whether the cone was an open and obvious condition and whether it created a foreseeable and unreasonable risk of injury. Accordingly, I would reverse the grant of summary judgment and remand for trial.

*First*, a jury could find that the cone was not an open-and-obvious condition, making application of the open-and-obvious doctrine inappropriate. That doctrine applies only if the condition that caused an invitee's injury was "either known *or* obvious." *Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891, 896 (Ky. 2013). I agree with the district court that a fact dispute remains as to Wiley's subjective knowledge, *Wiley v. Sam's Club, Inc.*, No. 3:14-CV-54-GNS, 2015 WL 3687440, at *4 (W.D. Ky. June 12, 2015), but I disagree with the district court's finding that no fact dispute exists regarding the obviousness of the cone. A condition is obvious "when both the condition and the risk are apparent to and would be recognized by a reasonable man, *in the position of the visitor*, exercising ordinary perception, intelligence, and judgment." *Shelton v. Ky. Easter Seals Soc'y*, 413 S.W.3d 901, 906 (Ky. 2013) (internal quotation marks

omitted; emphasis added). The record here does not compel a finding that the cone was obvious to shoppers like Wiley, who was rounding the corner into the aisle in which the display table and cone were located when she fell. From that perspective, the twelve-inch-tall cone was not squarely presented—indeed, it was located on the floor just around the corner and adjacent to a more prominent display table. *See* R. 21-4 (Photograph of Display and Cone) (Page ID #119); R. 22 (Video Recording).[1] A twelve-inch-tall orange cone placed in the middle of a well-lighted empty room may well be obvious. When that same cone is placed on the floor just around the corner of a shopping aisle adjacent to a taller display table, however, a jury could find that a reasonable person rounding the aisle corner would not see it, meaning that the cone would not be "apparent to and . . . recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Shelton*, 413 S.W.3d at 906 (internal quotation marks omitted).

This conclusion is not altered by the brief statement by the Kentucky Supreme Court in *Webb* that "[a] customer in a store may assume that the floor will be free from obstructions of a dangerous nature and from a slippery spot, although he may not walk blindly, irrespective of obvious danger." 413 S.W.3d at 900 (internal quotation marks omitted). That admonition is merely a reiteration of the general rule that a condition is obvious "when both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the

---

[1] The majority suggests that the photograph and video provide such powerful evidence that no jury could find in Wiley's favor because they establish that a reasonable shopper would have seen the cone while rounding the corner into the aisle in which the display was located, "especially one who had passed by [the display] several times." *See* Maj. Op. at 3 n.3 (emphasis omitted). Neither the video nor the photograph, however, provide a view of the display from Wiley's perspective—she was rounding the corner and facing roughly in the direction from which the video and photograph were taken, so the images supply the opposite of her viewpoint. The majority's emphasis on Wiley's previous passages by the display ignores the district court's correct finding that there is a genuine dispute of fact over whether Wiley had subjective knowledge of the presence of the display and cones. *See Wiley*, 2015 WL 3687440, at *4. A jury could believe Wiley's testimony that she was walking around a large store with which she was not familiar, and therefore did not necessarily see every shelf or display that she walked past. For those reasons, the photograph and video demonstrate why genuine issues of fact remain regarding the obviousness of the cone.

visitor, exercising ordinary perception, intelligence, and judgment." *Shelton*, 413 S.W.3d at 906 (internal quotation marks omitted). In other words, a condition may still be obvious even if someone who is not acting reasonably—i.e. one who walks blindly—fails to see it. The question, therefore, is not whether Wiley was paying sufficient attention to the ground at her feet, but whether a reasonable shopper exercising reasonable care would have noticed the cone while rounding the corner into the aisle. Because a jury could find that the size and positioning of the cone would have prevented such a shopper from seeing it, I would hold that a genuine dispute of fact exists over whether the cone was an obvious condition.

*Second*, even if the cone were obvious, a jury could find that it created an unreasonable risk of injury that Sam's East should have foreseen. Under the open-and-obvious doctrine, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." RESTATEMENT (SECOND) OF TORTS § 343A(1) (1965); *see also Ky. River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 390–93 (Ky. 2010) (adopting the Restatement approach). Accordingly, this case turns on whether the ultimate harm was foreseeable to Sam's East. *See Shelton*, 413 S.W.3d at 914. Harm may be foreseeable "where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." RESTATEMENT (SECOND) OF TORTS § 343A cmt. f (1965). Assessing whether a harm was foreseeable is a fact-intensive analysis that "should be a question normally left to the jury." *Shelton*, 413 S.W.3d at 914. Accordingly, under Kentucky law, "[i]nstead of killing a case prematurely because of the obvious nature of a hazard, most non-frivolous cases will now be allowed to mature fully and go before a jury to determine whether there has been

tortious conduct at all and, if so, to apportion fault among the parties." *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 297 (Ky. 2015).

These legal standards demonstrate that summary judgment was inappropriate in this case. A jury could conclude that Sam's East should have foreseen that shoppers rounding the corner into the aisle would not be able to see a twelve-inch-tall cone on the floor next to a display table or that their attention would be distracted by items on the shelves or the display table itself. In fact, the cone is arguably indistinguishable from an example provided by the Restatement—which Kentucky has adopted and followed in open-and-obvious cases, *McIntosh*, 319 S.W.3d at 390–93—of something that would subject a land possessor to liability:

> The A Department Store has a weighing scale protruding into one of its aisles, which is visible and quite obvious to anyone who looks. Behind and about the scale it displays goods to attract customers. B, a customer, passing through the aisle, is intent on looking at the displayed goods. B does not discover the scale, stumbles over it, and is injured. A is subject to liability to B.

RESTATEMENT (SECOND) OF TORTS § 343A cmt. f, illus. 2 (1965). That example is far more analogous to the present case than the scenarios provided by the Kentucky Supreme Court of conditions that "may not create an unreasonable risk," none of which addressed common conditions or involved situations in which an invitee's attention could foreseeably be distracted. *See Shelton*, 413 S.W.3d at 914 (mentioning "a small pothole in the parking lot of a shopping mall; steep stairs leading to a place of business; or perhaps even a simple curb").[2] Given the Kentucky Supreme Court's repeated admonition that questions regarding the foreseeability of harm in open-and-obvious cases should be left to a jury, *Carter*, 471 S.W.3d at 297; *Shelton*, 413 S.W.3d at 914, summary judgment was inappropriate here.

---

[2] The majority asserts that the cone in this case is in fact analogous to these examples, Maj. Op. at 3 n.3, but provides no explanation how this case is distinct from the aforementioned illustration in the Restatement of a seemingly identical situation in which a store would be subject to liability. *See* RESTATEMENT (SECOND) OF TORTS § 343A cmt. f, illus. 2 (1965).