SUHRHEINRICH, Circuit Judge.
Plaintiff-Appellant, Josephine Wiley (Wiley), a business invitee, was injured after she tripped over an orange cone near an end-of-aisle display at the Elizabeth, Kentucky Sam’s Club. The district court granted summary judgment to Defendant Sam’s East (Sam’s Club).[1] Wiley argues on appeal that the district court erred in granting summary judgment because there are genuine issues of material' fact as to whether the flooring and display were open and obvious, and whether they posed an unreasonable, foreseeable risk of harm.[2]
We have reviewed the parties’ briefs; the record, including the Wileys’ depositions, the picture of the display, and the security video of her fall; and Kentucky law, as set forth in Kentucky River Medical Center. v. McIntosh, 319 S.W.3d 385 (Ky.2010), Shelton v. Kentucky Easter Seals Society, Inc., 413 S.W.3d, 901 (Ky. 2013), and Dick’s Sporting Goods, Inc. v. Webb, 413 S.W.3d 891, 900 (Ky.2013). We conclude that the district court properly applied the substantive state law of Kentucky to the facts of this case. As the district court thoroughly explained, as of 2010, Kentucky follows the modem approach outlined in the Restatement (Second) of Torts § 343A (1965), which shifts the focus in open and obvious cases from the duty analysis to' the standard of care owed to the plaintiff. Under this analysis the district court carefully evaluated the evidence and properly concluded that Sam’s Club did not breach its duty to warn because “the ‘condition’ [an orange warning cone] was quite literally ‘a warning in itself.’ ” The court further concluded that Sam’s Club did not breach its duty to maintain reasonably safe premises because the orange cone was an objectively obvious *264 hazard that did not present an unreasonable risk of harm under Kentucky law. No jurisprudential purpose , would be served by the issuance of a lengthy opinion on our part.
Wiley attempts on appeal to create a fact question as to exactly what caused her to trip — the cone or the flooring — by pointing to her deposition testimony that she initially tripped on the flooring and landed on the orange cone. Wiley did not make this argument in the district court, arguing exclusively that she tripped over a cone. See R. 25. She is precluded from doing so now. See Mick Bell Tel. Co. v. Strand, 305 F.3d 580, 590 (6th Cir.2002) (“Propounding new arguments on appeal in attempting to prompt us to reverse the trial court — arguments never considered -by the trial court — is not only somewhat devious, it undermines important judicial values ____In order to preserve the integrity of the appellate structure, we should not be considered a ‘second shot’ forum, a forum where secondary, back-up theories may be minted for the first time.” (citations and some quotation marks omitted)).
Thus, for the reasons articulated in its memorandum opinion and order filed on June 12, 2015[3], the judgment of the district court is AFFIRMED.
*265 [[Image here]]

. Wiley sued Sam’s Club. On January 13, 2014, the parties entered into an agreed order of substitution of Sam’s East, Inc. for Sam's Club.

. The district court had subject matter jurisdiction under 28 U.S.C. § 1332.

. The dissent glosses over the district court’s findings of undisputed facts and turns a blind eye to the video in this case. As the district court held, "[w]hile foreseeability and breach are often jury questions, this is a case where no reasonable jury could find that Sam’s Club breached its duty of care.” As the district court noted:
The cause of Wiley’s fall is undisputed: she tripped over an orange cone, eleven or twelve inches tall. (Wiley Dep. 29:15— 33:6). Sam’s Club had placed that cone and another on the comers of a four-foot wide flooring display for Swiffer mops— presumably to warn customers about the unstable ground. (Def.’s Mot. for Summ.J. Ex.3, DN 21-4). The concrete floor around the cone was well-lit, dry, and free of debris. (Wiley Dep. 35:24-36:18). Wiley claims that she did not see the cones until it was too late, though a surveillance video shows her walking by the display three times and stopping to look at least once before her fall. (Video,’DN 22).
Furthermore, the video, DN 22, as well as the Photograph of Display and Cone, establish that not only were the aisles wide and spacious, but also that the cones were set out in the aisle area and not jammed against the display table as- the dissent suggests. See Photograph and Display of Cone, which is attached to this opinion. A reasonable shopper in Wiley’s position whose gaze was focused on merchandise at shelf level would have perceived these bright orange warning cones in her field of vision, especially one who had passed by them several times. Indeed, the video and photograph supply the viewpoint from Wiley’s perspective the first three times she walked by the cone. The dissent also tries to conflate the subjective and the objective in the open-and-obvious doctrine, which, as the dissent acknowledges elsewhere in its opinion, applies if the condition that caused an invitee’s injury was "either known or obvious.” Dissent at 1 (quoting Dick's Sporting Goods, Inc. v. Webb, 413 S.W.3d 891, 896 (Ky.2013)).
The district court properly analogized the warning cone to the Shelton court’s examples of open-and-obvious risks that do not ordinarily present an unreasonable risk of harm, like a small pot hole in a shopping mall parking lot. In the words of the district court: "[i]f a small pothole in a parking lot does not pose an unreasonable risk of harm requiring action by a land-possessor, then a twelve-inch high orange cone does not either,” especially given the facts and circumstances in this case — namely that the plaintiff had already passed by this display from a head-on angle three times before she fell.