KAREN NELSON MOORE, Circuit Judge,
dissenting.
While shopping at a Sam’s Club in Eliza-bethtown, Kentucky, Josephine ’ Wiley tripped over a twelve-inch-tall orange cone that was placed next to a display of flooring tiles on the floor at the end of a shopping aisle. The flooring display was itself adjacent to a display table, and Wiley fell as she rounded the aisle’s corner and passed that table. Wiley argues that the cone created an unreasonable risk of injury that Sam’s East should have foreseen. The district court, granting summary judgment to Sam’s East, held that the cone was an open and obvious condition that did not create an unreasonable risk of injury. I agree with the majority that Wiley is precluded from contesting the district court’s finding that the cause of her fall was the cone — rather than the flooring display itself. See Maj. Op. at 263-64. I dissent, however, because genuine issues of material fact exist regarding whether the cone was an open and obvious condition and whether it created a foreseeable and unreasonable risk of injury. Accordingly, I would reverse the grant of summary judgment and remand for trial.
First, a jury could find that the cone was not an open-and-obvious condition, making application of the open-and-obvious doctrine inappropriate. That doctrine applies only if the condition that caused an invitee’s injury was “either known or obvious.” Dick’s Sporting Goods, Inc. v. Webb, 413 S.W.3d 891, 896 (Ky.2013). I agree with the district court that a fact dispute remains as to Wiley’s subjective knowledge, Wiley v. Sam’s Club, Inc., No. 3:14-CV-54-GNS, 2015 WL 3687440, at *4 (W.D.Ky. June 12, 2015), but I disagree with the district court’s finding that no fact dispute exists regarding the obviousness of the cone. A condition is obvious “when *266 both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.” Shelton v. Ky. Easter Seals Soc’y, 413 S.W.3d 901, 906 (Ky.2013) (internal quotation marks omitted; emphasis added). The record here does not compel a finding that the cone was obvious to shoppers like Wiley, who was rounding the corner into the aisle in which the display table and cone were located when she fell. From that perspective, the twelve-inch-tall cone was not squarely presented — indeed, it was located on the floor just around the comer and adjacent to a more prominent display table. See R. 21-4 (Photograph of Display and Cone) (Page ID # 119); R. 22 (Video Recording).[1] A twelve-inch-tall orange cone placed in the middle of a well-lighted empty room may well be obvious. When that same cone is placed on the floor just around the corner of a shopping aisle adjacent to a taller display table, however, a jury could find that a reasonable person rounding the aisle comer would not see it, meaning that the cone would not be “apparent to and ... recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.” Shelton, 413 S.W.3d at 906 (internal quotation marks omitted).
This conclusion is not altered by the brief statement by the Kentucky Supreme Court in Webb that “[a] customer in a store may assume that the floor will be free from obstructions of a dangerous nature and from a slippery spot, although he may not walk blindly, irrespective of obvious danger.” 413 S.W.3d at 900 (internal quotation marks omitted). That admonition is merely a reiteration of the general rule that a condition is obvious “when both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.” Shelton, 413 S.W.3d at 906 (internal quotation marks omitted). In other words, a condition may still be obvious even if someone who is not acting reasonably — i.e. one who walks blindly— fails to see it. The question, therefore, is not whether Wiley was paying sufficient attention to the ground at her feet, but whether a reasonable shopper exercising reasonable care would have noticed the cone while rounding the corner into the aisle. Because a jury could find that the size and positioning of the cone would have prevented such a shopper from seeing it, I would hold that a genuine dispute of fact exists over whether the cone was an obvious condition.
Second, even if the cone were obvious, a jury could find that it created an unreason *267 able risk of injury that Sara’s East should have foreseen. Under the open-and-obvious doctrine, “[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them," unless the possessor should anticipate the harm despite such knowledge or obviousness.” Restatement (Second) of Torts § 343A(1) (1965); see also Ky. River Med. Ctr. v. McIntosh, 319 S.W.3d 385, 390-93 (Ky.2010) (adopting the Restatement approach). Accordingly, this case turns on whether the ultimate harm was foreseeable to Sam’s East. See Shelton, 413 S.W.3d at 914. Harm may be foreseeable “where the possessor has reason to expect that the invitee’s attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.” Restatement (Second) of Torts § 343A cmt. f (1965). Assessing whether a harm was foreseeable is a fact-intensive analysis that “should be a question normally left to the jury.” Shelton, 413 S.W.3d at 914. Accordingly, under Kentucky law, “[i]nstead of killing a case prematurely because of the obvious nature of a hazard, most non-frivolous cases will now be allowed to mature fully and go before a jury to determine whether there has been tortious conduct at all and, if so, to apportion fault among the parties.” Carter v. Bullitt Host, LLC, 471 S.W.3d 288, 297 (Ky.2015),
These legal standards demonstrate that summary judgment was inappropriate in this case. A jury could conclude that Sam’s East should have foreseen that shoppers rounding the corner into the aisle would not be able to see a twelve-inch-tall cone on the floor next to a display table or that their attention would be distracted by items on the shelves or the display table itself. In fact, the cone is arguably indistinguishable from an example provided by the Restatement — which Kentucky has adopted and followed in open-and-obvious cases, McIntosh, 319 S.W.3d at 390-93 — of something that would subject a land possessor to liability:
The A Department Store has a weighing scale protruding into one of its aisles, which is visible and quite obvious to anyone who looks. Behind and about the scale it displays goods to attract customers. B, a customer, passing through the aisle, is intent on looking-at the displayed goods. B does not discover the scale, stumbles over it, and is injured. A is subject to liability to B.
Restatement (Second) of Torts § 343A cmt. f, illus. 2 (1965). That example is far more analogous to the present case than the scenarios provided by the Kentucky Supreme Court of conditions that “may not create an unreasonable risk,” none of which addressed common conditions or involved situations in which an invitee’s attention could foreseeably be distracted. See Shelton, 413 S.W.3d at 914 (mentioning “a small pothole in the parking lot of a shopping mall; steep stairs leading to a place of business; or perhaps even a simple curb”).[2] Given the Kentucky Supreme Court’s repeated admonition that questions regarding the foreseeability of harm in open-and-obvious cases should be left to a jury, Carter, 471 S.W.3d at 297; Shelton, *268 413 S.W.3d at 914, summary judgment was inappropriate here.

. The majority suggests that the photograph and video provide such powerful evidence that no jury could find in Wiley's favor because they establish that a reasonable shopper would have seen the cone while rounding the comer into the aisle in which the display was located, "especially one who had passed by [the display] several times.” See Maj. Op. at 264 n, 3 (emphasis omitted). Neither the video nor the photograph, however, provide a view of the display from Wiley's perspective— she was rounding the comer and facing roughly in the direction from which the video and photograph were taken, so the images supply the opposite of her viewpoint. The majority's emphasis on Wiley's previous passages by the display ignores the district court's correct finding that there is a genuine dispute of fact over whether Wiley had subjective knowledge of the presence of the display and cones. See Wiley, 2015 WL 3687440, at *4. A jury could believe Wiley’s testimony that she was walking around a large store with which she was not familiar, and therefore did not necessarily see every shelf or display that she walked past, For those reasons, the photograph and video demonstrate why genuine issues of fact remain regarding the obviousness of the cone.

. The majority asserts that the cone in this case is in fact analogous to these examples, Maj, Op. at 264 n. 3, but provides no explanation how this case is distinct from the aforementioned illustration in the Restatement of a seemingly identical situation in which a store would be subject to liability. See Restatement (Second) of Torts § 343A cmt. f, illus. 2 (1965).