**Ralph M. GOODWIN, Appellant**

**v.**

**AL J. SCHNEIDER COMPANY d/b/a Galt House & Galt House East, Appellee**

**2015-SC-000380-DG**

Supreme Court of Kentucky.

RENDERED: OCTOBER 20, 2016

COUNSEL FOR APPELLANT: Edward Alan Brutscher, Brutscher Law Office

COUNSEL FOR APPELLEE: Tracey C. Smith, Alexander Jose Kuebbing, Gwin Steinmetz & Baird PLLC

## OPINION OF THE COURT BY JUSTICE KELLER

The circuit court granted summary judgment to Al J. Schneider Company d/b/a the Galt House and Galt House East (the Galt House) in this slip-and-fall case. Ralph M. Goodwin appeals from the opinion of the Court of Appeals affirming that summary judgment. For the reasons set forth below, we reverse and remand.

## I. BACKGROUND.

The salient facts are not in dispute. Ralph Goodwin and his wife were attending a convention at the Galt House in August 2011. The day after their arrival, Goodwin slipped and fell as he was getting into the bathtub to take a shower, injuring his knee. The bathtub, which had a grab bar, did not have a bathmat. After Goodwin fell, hotel personnel provided him with a bathmat, and Goodwin learned from other convention attendees that their rooms had bathmats.

Goodwin filed suit, alleging that: he was an invitee; the surface of the bathtub was slick and constituted a dangerous condition; the Galt House knew of the condition; the Galt House failed to exercise reasonable care to remove the dangerous condi-

tion or to warn patrons of its existence; and his injuries were a result of the Galt House's failure to exercise ordinary care. The Galt House responded alleging, in pertinent part, that Goodwin's injuries were the result of his failure to exercise ordinary care.

Following discovery, the Galt House filed a motion for summary judgment, which the court granted. In doing so, the court stated that it was unconvinced the Galt House had assumed a duty to provide bathmats for all rooms because it provided bathmats for some rooms. Furthermore, citing *Jones v. Abner*, 335 S.W.3d 471, 477 (Ky. App. 2011) the court found that, while a hotel must provide safe accommodations, it is not "an insurer of a guest's safety."

Goodwin appealed, and the Court of Appeals affirmed. The Court noted that *Abner* was decided before this Court rendered *Shelton v. Kentucky Easter Seals Society, Inc.*, 413 S.W.3d 901 (Ky. 2013). However, the Court disagreed with Goodwin that the holding in *Shelton* precluded summary judgment in this case, stating as follows:

> We disagree that *Shelton* precludes granting summary judgment to the Galt House under these circumstances. The Galt House owed a duty to Goodwin, as an invitee, "to discover unreasonably dangerous conditions in the hotel and either eliminate or warn of them." [*Shelton*, 413 S.W.3d] at 909. However, there was no breach of this duty, as a matter of law, because while a bathtub can present a danger of falling when being used for showering, it is not unreasonably dangerous and its potential hazard is obvious.
>
> Goodwin had previously used the shower and was aware of its condition. A grab

bar was available to assist his entrance into the tub, but he did not use it. While Goodwin claimed the tub was slippery, there was no evidence that it was more slippery than a typical wet tub or its slickness was the result of any foreign substance. Under these circumstances, a wet tub is akin to other open-and-obvious dangers that do not create an unreasonable risk such as a small pothole, steep stairs or a simple curb. *Id.* at 914.

> We reject Goodwin's argument that the Galt House had a specific duty to provide bathmats to guests. There is no requirement, either through industry standards, statutory law or common law, for innkeepers to provide bathmats to their guests. We also disagree that the Galt House's voluntary provision of bathmats to some guests could create such a duty. Therefore, summary judgment was properly granted because it would be unreasonable for a jury to find a breach of the Galt House's duty of reasonable care under the circumstances. *Id.* at 916.[1]

We granted discretionary review to address the application of *Shelton* by the Court of Appeals.

## II. STANDARD OF REVIEW.

"The standard of review on appeal of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law." *Pearson ex rel. Trent v. Nat'l Feeding Systems, Inc.*, 90 S.W.3d 46, 49 (Ky. 2002). Summary judgment is only proper when "it would be impossible for the respondent to produce any evidence at the trial warranting a judgment

1. *Goodwin v. Al J. Schneider Company*, 2013-CA-001921-MR, *5-6 (Ky. App. June 12, 2015).

in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). In ruling on a motion for summary judgment, the Court is required to construe the record "in a light most favorable to the party opposing the motion ... and all doubts are to be resolved in his favor." *Id.* at 480. However, courts must be mindful that "summary judgment is not to be used as a defense mechanism. Instead, summary judgment is to be cautiously employed for cases where there is no legitimate claim under the law and it would be impossible to assert one given the facts." *Shelton*, 413 S.W.3d at 916.

## III. ANALYSIS.

This Court began reconciling the application of the open and obvious doctrine with the law of comparative negligence in 2010. *See Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 385 (Ky. 2010). We have since refined our analysis regarding the interaction of those legal concepts in *Shelton* and *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288 (Ky. 2015).

In *McIntosh*, an EMT, who was transporting a patient into the hospital's emergency room, tripped over a curb and injured her hip and wrist. 319 S.W.3d at 387. The evidence indicated that the EMT had previously negotiated that entrance without incident. *Id.* The hospital moved for summary judgment arguing that the curb was an open and obvious condition of which the EMT was aware and the hospital therefore had no liability. *Id.* at 388. In affirming the trial court's denial of summary judgment, this Court held that:

> The lower courts should not merely label a danger as "obvious" and then deny recovery. Rather, they must ask whether the land possessor could reasonably foresee that an invitee would be injured by the danger. If the land possessor can foresee the injury, but nevertheless fails to take reasonable precautions to prevent the injury, he can be held liable. Thus, this Court rejects the minority position, which absolves, *ipso facto*, land possessors from liability when a court labels the danger open and obvious.

*Id.* at 392. Applying this rule, the Court held that the hospital could have reasonably foreseen that an EMT, focused on saving a patient's life, would proceed in the face of a known risk, and the EMT's knowledge of that risk did not negate the hospital's duty of care. *Id.* at 394.

In *Shelton*, a patient's wife, tripped and fell when her feet became entangled in wires that ran along the floor from her husband's hospital bed to the wall. 413 S.W.3d at 904. The trial court granted the hospital's motion for summary judgment finding that the hospital "owed no duty of care to Shelton because the wires were an open-and-obvious condition." *Id.* at 903. The Court of Appeals affirmed that judgment. *Id.*

We reversed. In doing so, we noted that the holding in *McIntosh* ostensibly permitted trial courts to continue granting summary judgment by finding that the existence of an open and obvious danger eliminated the landowner's duty of care. *Id.* at 907. However, we noted that was not the intent of *McIntosh*, and we clarified that a landowner "owes a duty to an invitee to discover unreasonably dangerous conditions on the land and either eliminate or warn of them." *Id.* at 909. That duty exists regardless of the obviousness of the dangerous condition or "the invitee's knowledge of the condition." *Id.* at 911. In other words, "an open-and-obvious condition does not [entirely] eliminate a landowner's duty." *Id.* Rather, it eliminates a landowner's "duty to *warn* because the condition is a warning in itself and places the plaintiff on the same level of knowledge about the premises as the

land [owner] defendant." *Id.* at 914. However, the fact that the risk itself provides a warning does not absolve the landowner from the duty to exercise reasonable care. *Id.* at 915.

Applying the preceding, the Court held that "a reasonable juror could determine that [the hospital] had reason to foresee that Shelton would proceed to encounter the wires because the advantage of doing so outweighed the risk." *Id.* at 917. However, because the record was not fully developed, the Court could not determine if the hospital had taken reasonable steps to eliminate the risk or if eliminating the risk would overly burden the hospital's mission of providing treatment to the patient. *Id.* at 918. If the evidence established that the wires were configured "in the only manner that enabled [the hospital] to care properly for" the patient, then there would be no breach of the duty of reasonable care. *Id.*

In *Carter v. Bullitt Host, LLC,* Carter and his family stopped at Bullitt Host's hotel because of a winter storm. 471 S.W.3d at 290. The next morning, Carter walked across the parking lot to his car and, as he was returning to the hotel, he slipped on ice and fell, breaking his ankle. *Id.* Carter filed suit and Bullitt Host filed a motion for summary judgment arguing that the ice Carter slipped on was "an open-and-obvious, naturally occurring hazard." *Id.* at 291. The trial court granted summary judgment "finding that the ice was open and obvious ... and that the injury was not foreseeable because Carter had safely walked through the parking lot the evening before his fall." The Court of Appeals affirmed, holding that, when an open and obvious condition exists, the injured party can only recover if he is distracted. *Id.* at 291.

This Court reversed the Court of Appeals. In doing so, we cited to *Shelton* noting that:

[A] land possessor's general duty of ordinary care is not eliminated simply because a hazard is obvious. The question is rather whether the landowner could reasonably foresee a land entrant proceeding in the face of the danger, which goes to the question whether the universal duty of reasonable care was breached. In Mrs. Shelton's case, it was obvious that she was going to continue to care for her very sick husband, wires or no wires. After *Shelton,* if such events are foreseeable and the landowner has not made reasonable efforts to correct the problem which causes harm to a plaintiff, then the landowner has *breached* his general duty of reasonable care.

*Id.* at 297 (emphasis in original). Furthermore, we noted that summary judgment might be "warranted ... when a situation cannot be corrected by any means or when it is beyond dispute that the landowner had done all that was reasonable." *Id.* However, "a landowner is not excused from his own reasonable obligations just because a plaintiff has failed to a degree, however slight, in looking out for his own safety." *Id.* at 298.

Applying the preceding, the Court held that there remained "questions of fact about whether, and to what degree, the hotel acted reasonably with respect to the icy hazard" encountered by Carter. *Id.* at 299. As the Court noted, "[i]f a person owns or occupies land, there are attendant responsibilities that come with that possession, which the possessor is in the best position to address. This is especially the case where the landowner operates a business and entices customers to the land where they encounter a dangerous hazard." *Id.*

In summary, a landowner has a duty to take reasonable steps to eliminate unreasonably dangerous conditions on its

land. *Shelton*, 413 S.W.3d at 909. The question for the court on summary judgment is whether the landowner breached that duty, a duty that exists whether the conditions are open and obvious or hidden. Thus, in determining whether the landowner has breached that duty, the court does not look to whether the conditions were open and obvious but to whether the landowner took reasonable steps to eliminate the risks created by the conditions. *Id.* at 918. If there is a genuine issue of material fact regarding the reasonableness of the steps the landlord took, then summary judgment is not appropriate.

Here, the trial court granted summary judgment because it found that the Galt House had not assumed a duty to provide bathmats for all rooms simply because it provided bathmats for some rooms. Clearly, this does not comport with either *Shelton* or *Bullitt Host*. The Galt House had a duty to take reasonable steps to eliminate unreasonably dangerous conditions. Thus, the issue is not whether the Galt House had a duty to provide bathmats but whether the failure to provide bathmats breached its duty of care.

The Court of Appeals affirmed, taking a two-step approach. It first determined that a wet bathtub "is akin to other open-and-obvious dangers that do not create an unreasonable risk such as a small pothole, steep stairs or a simple curb." *Goodwin*, 2013-CA-001921-MR, at *6 (*citing* to *Shelton*, 413 S.W.3d at 916). However, this Court did not state that "a small pothole, steep stairs or a simple curb" do not create an unreasonable risk. This Court stated that: "Normally, an open-and-obvious danger <u>may</u> not create an unreasonable risk. Examples of this <u>may</u> include a small pothole in the parking lot of a shopping mall; steep stairs leading to a place of business; or perhaps even a simple curb." *Shelton*, 413 S.W.3d at 914 (emphasis added). This

Court did not state that those conditions "do not" create such a risk. In fact, we found that a "simple curb" did create such a risk in *McIntosh;* we found that wires on the floor near a hospital bed created such a risk in *Shelton;* and we found that ice in a parking lot created such a risk in *Bullitt Host.* We discern no legally significant difference between the risk presented by a slippery bathtub and the risks in *McIntosh, Shelton,* and *Bullitt Host.* Therefore, the Court of Appeals incorrectly determined that a slippery bathtub cannot, as a matter of law, create an unreasonable risk.

■ The Court of Appeals then stated that "[t]here is no requirement, either through industry standards, statutory law or common law, for innkeepers to provide bathmats to their guests. We also disagree that the Galt House's voluntary provision of bathmats to some guests could create such a duty." *Goodwin*, 2013-CA-001921-MR, at *6. As we stated above, the issue is not whether the Galt House had a duty to provide bathmats, the issue is whether the Galt House's failure to provide bathmats breached its duty.

■ The Court of Appeals and the trial court conflate open and obvious, duty, and breach of duty when these are separate and distinct concepts. The Galt House has a duty of care and can breach that duty whether the risks presented by a slippery bathtub are open and obvious or hidden. In assessing whether to grant summary judgment, a court must analyze the defendant's duty and whether it breached that duty without any consideration for whether the condition at issue was open and obvious. That is not to say an invitee's decision to go into an obviously dangerous situation is totally irrelevant to the negligence analysis. However, as we noted in *McIntosh, Shelton,* and *Bullitt Host,* under comparative negligence an invitee's negligence does

not foreclose recovery, it merely reduces it.

Because the lower courts have conflated these separate and distinct issues, we must reverse the Court of Appeals and remand this matter to the trial court. On remand the court may again consider summary judgment. However, if it does so, the court must keep in mind our caveat from *Bullitt Host* that summary judgment may only be warranted "when a situation cannot be corrected by any means or when it is beyond dispute that the landowner had done all that was reasonable." 471 S.W.3d at 297.

## IV. CONCLUSION.

For the above stated reasons, the Court of Appeals is reversed and this matter is remanded to the trial court.

All sitting. Minton, C.J., Hughes, Noble and Wright, JJ., concur. Venters, J., concurs in result only. Cunningham, J., dissents without opinion.