NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0064n.06

Case Nos. 20-5486/5556

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROBERT CUNDIFF, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | **FILED** |
| | ) | Feb 01, 2021 |
| NEW HAMPSHIRE INSURANCE COMPANY, | ) | DEBORAH S. HUNT, Clerk |
| Intervenor Plaintiff, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| WORLDWIDE BATTERY COMPANY, LLC, | ) | KENTUCKY |
| dba Worldwide Battery, | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; SILER and GIBBONS, Circuit Judges.

SILER, Circuit Judge. A man trips. Who is to blame? In Kentucky, that decision is left in the hands of a jury. Because the district court improperly removed that decision from the jury, we REVERSE and REMAND the district court's dismissal on summary judgment.

I

Robert Cundiff went to Worldwide Battery to pick up batteries for his employer, Total Truck Parts. *Cundiff v. Worldwide Battery Co., LLC*, 2020 WL 1644038, at \*1 (W.D. Ky. Apr. 2, 2020). While in the store, he "tripped over two large black machine batteries near the customer service desk." *Id.* Cundiff claims the batteries were "'partially blocked from view' by a counter" and "partially camouflaged by the black rug." *Id.* He, however, admits "that he was not looking

at the ground when he tripped." *Id*. And he acknowledges if he had looked, he likely would have seen the batteries. *Id*.

Cundiff sued Worldwide Battery for his injuries in Kentucky state court. New Hampshire Insurance Co. successfully intervened because it "allegedly paid Cundiff workers' compensation benefits arising out of the trip-and-fall injury." *Id*. Worldwide Battery then removed to the Western District of Kentucky. *Id*.

The district court granted summary judgment for Worldwide Battery on the ground that the batteries were an open and obvious condition and thus did not breach its duty of care. *Id*. at *3.

## II

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review a grant of summary judgment de novo. *Grubb & Ellis/Centennial, Inc. v. Gaedeke Holdings, Ltd.,* 401 F.3d 770, 773 (6th Cir. 2005). Because the plaintiff is the non-moving party, all factual inferences are made in his favor. *See Dinsmore Instrument Co. v. Bombardier, Inc.*, 199 F.3d 318, 320 (6th Cir. 1999). All parties agree that Kentucky law governs this diversity action.

## III

Cundiff sued Worldwide Battery for premises-liability negligence, alleging that the batteries he tripped over created an unreasonable risk of harm. To succeed, Cundiff must show: (1) duty; (2) breach; (3) causation; and (4) damages. *Patton v. Bickford*, 529 S.W.3d 717, 729 (Ky. 2016). Here, Worldwide Battery owed a duty to Cundiff "to discover unreasonably dangerous conditions on the land and either eliminate or warn of them." *Shelton v. Kentucky Easter Seals Soc. Inc.*, 413 S.W.3d 901, 909 (Ky. 2013). But Worldwide Battery claims the batteries were open and obvious; therefore, they were not unreasonably dangerous. That decision, however, is reserved

for a jury, except where the plaintiff is entirely at fault. *Grubb v. Smith*, 523 S.W.3d 409, 418 (Ky. 2017) (as modified Aug. 24, 2017). *Id.* Cundiff was not. Therefore, we reverse the district court.

Batteries can be an unreasonable condition. Indeed, in Kentucky, almost anything can be unreasonably dangerous:

- A simple curb outside of an emergency room. *Ky. River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 394-95 (Ky. 2010).
- Wires on the floor next to a hospital bed. *Shelton*, 413 S.W.3d at 917-18.
- Ice in a parking lot of a hotel. *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 299-300 (Ky. 2015).
- Slipperiness of a wet hotel bathtub. *Goodwin v. Al J. Schneider Co.*, 501 S.W.3d 894, 899-900 (Ky. 2016).
- A small pothole between the pumps of a gas station. *Grubb*, 523 S.W.3d at 421.
- A pallet protruding from the bottom of a store display. *Veloudis v. Wal-Mart Stores E., Ltd. P'ship*, 2017 WL3499927, at *7-*8 (Ky. Ct. App. July 28, 2017).
- Uneven pavement. *Embry v. Mac's Convenience Stores, LLC*, 2014 WL 2640240, at *4 (Ky. Ct. App. June 13, 2014).
- A concrete flowerpot placed near an exit. *Rodgers v. Grant Cnty. Football Boosters*, 2017 WL 4570711, at *5-*6 (Ky. Ct. App. Oct. 13, 2017).

Like the other items on the list, the batteries' obviousness does not preclude its unreasonableness. Instead, even obvious conditions can be unreasonable if "the property possessor can anticipate someone's being injured by it." *Grubb*, 523 S.W.3d at 419. A reasonable jury could conclude that batteries left in a walkway might injure someone. The heightened standard applied by the district court was contrary to Kentucky law. *Cundiff*, 2020 WL 1644038, at *3-*4.

Cundiff's "claim remains viable even though by his own admission he was careless." *Grubb*, 523 S.W.3d at 419 (cleaned up). Like *Grubb*, he admits that he "failed to observe the hazard" because he was "not paying attention to where he was walking." *Id.* (cleaned up). But that is not enough to show he was entirely at fault. Demonstrating complete fault requires something more—like a video conclusively showing that the plaintiff tripped over her own feet.

*Dunn v. Wal-Mart Stores E., Ltd. P'ship*, 724 F. App'x 369, 373-74 (6th Cir. 2018). Here, Cundiff's familiarity with the store and lack of attention are simply factors "the jury will consider when apportioning comparative blame." *Frazier v. Total Renal Care, Inc.*, 2019 WL 3219148, at *5 (E.D. Ky. July 17, 2019). In sum, this is not one of the rare cases that can be removed from a jury's consideration.

IV

"[T]he unreasonableness and foreseeability of the risk of harm is normally a question for the jury to determine in deciding whether the defendant breached its duty of care in all but the rarest of circumstances." *Dunn*, 724 F. App'x at 374. This case is no different. Accordingly, we REVERSE and REMAND the district court's entry of summary judgment for Worldwide Battery.