RENDERED: MAY 12, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1030-MR

GERALD DICK                                        APPELLANT


|  | APPEAL FROM PULASKI CIRCUIT COURT |
|---|---|
| v. | HONORABLE JOHN G. PRATHER, JR., JUDGE |
|  | ACTION NO. 18-CI-00712 |


LAKE CUMBERLAND RESORT
COMMUNITY ASSOCIATION, INC.;
RENAISSANCE ENTERPRISES OF
SOMERSET, INC., D/B/A HOUSE
DOCTORS 484; AND CHARLES
PARKS, IN HIS CAPACITY AS AGENT
OF RENAISSANCE ENTERPRISES
OF SOMERSET, INC., D/B/A HOUSE
DOCTORS 484, AND INDIVIDUALLY                  APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Gerald Dick (Gerald) appeals sundry orders entered by the Pulaski Circuit Court granting summary judgment for Lake Cumberland Resort Community Association, Inc., (LCRCA); Renaissance Enterprises of Somerset, Inc., d/b/a House Doctors 484 (House Doctors); and Charles Parks, individually, and in his capacity as agent of Renaissance Enterprises of Somerset, Inc., d/b/a House Doctors 484 (collectively referred to as appellees) on various claims he asserted against appellees.  Upon review, for the reasons that follow, we affirm.

## I.  BACKGROUND

The genesis of the action below and this appeal arises from injuries sustained by Gerald while mowing a .27-acre triangular tract of land near his home in a subdivision known as the Lake Cumberland Resort, Enchanted Forest Section Four (Resort) in Pulaski County.  Owners of lots in the subdivision are automatically members of the homeowners association, known as Lake Cumberland Resort Community Association (LCRCA).[1]  Gerald asserts that the .27-acre tract he was mowing was a common area that LCRCA was required to maintain under the association's governing documents, which it failed to do.

---

[1] Lake Cumberland Resort Community Association, Inc. (LCRCA) was incorporated as a nonprofit corporation in 1995.

Gerald argues that LCRCA's failure to maintain this common area was the proximate cause of the injuries he suffered while mowing the common area.[2]

During 2017 and early 2018, Gerald frequently communicated his concerns regarding LCRCA's failure to maintain the .27 acre common area to Stephen Halpin, the treasurer and board member for LCRCA. Gerald's primary concern was that the overgrowth in the common area could obstruct his view of traffic when turning from his street onto Harmony Lane and possibly causing an accident. He was also concerned that the overgrowth could attract snakes and mosquitos, thus creating a nuisance near his home. After numerous communications with Halpin, Halpin suggested that Gerald could cut the grass and overgrowth in the common area, but Gerald could not deduct his expenses from the annual dues and assessments he owed to LCRCA.

Gerald testified at his deposition that he started cutting the common area in April of 2018, and had cut the area 4 to 6 times prior to his accident on June 4, 2018 (Gerald's Deposition at 280). He had cut the area with both a push mower and a bush hog deck, that he pulled with his four-wheeler ATV. On the day of the accident, he was pulling the bush hog with his ATV. While making his sixth pass through the tract with the bush hog, the ATV and bush hog rolled over, eventually coming to rest in a ditch, where his right leg and foot were pinned beneath one of

---

[2] Paragraph 23 of the First Amended Complaint, Record at 602.

the ATV's tires. Gerald testified that he began videotaping with his cell phone, while mowing, about two minutes before the accident occurred. (Gerald's Depo. at 78). He further testified that he was the only witness to the accident and had "no idea" how it occurred, admitting that he had lost control of the ATV. (Gerald's Depo. at 282-83).

Gerald was trapped beneath the ATV for approximately six hours before he was able to free himself. Gerald then crawled up a hill to his house where he called for emergency assistance. He was taken by ambulance to Lake Cumberland Regional Hospital and then taken by helicopter to a hospital in Lexington, Kentucky, where he received treatment for ten days. Gerald suffered serious personal injuries, including the aggravation of an existing post-traumatic stress disorder (PTSD) condition.

On July 3, 2018, Gerald filed this action in Pulaski Circuit Court against LCRCA, Halpin, both individually and as an officer/director of LCRCA, House Doctors, and Charles Parks, both individually and as an agent for House Doctors. He asserted claims for damages resulting from his injuries, based upon negligence, defamation, and breach of contract.

By partial summary judgment entered March 20, 2020, the circuit court granted Halpin summary judgment dismissing Gerald's claims, holding that neither LCRCA nor Halpin were the proximate cause of Gerald's injuries. The

court further stated that the negligence claim against LCRCA was also dismissed. The court also dismissed Gerald's defamation claim against Halpin and various derivative claims for corporate records and documents against LCRCA. On March 29, 2020, Gerald timely filed a Kentucky Rules of Civil Procedure (CR) 59.05 motion to alter, amend, or vacate the partial summary judgment. On September 9, 2020, the circuit court denied the CR 59.05 motion, holding that the judgment was final and appealable, without just cause for delay, in compliance with CR 54.02. Because of its relevance to further analysis in this Opinion, we pause to note that the March 20, 2020, partial summary judgment became final upon entry of this order and was appealable under CR 73.02(1)(e) (now Kentucky Rules of Appellate Procedure (RAP) 3(E)(2)).

Thereafter, on December 15, 2020, the circuit court entered a summary judgment and order dismissing all claims against LCRCA. On that same date, the circuit court entered an order granting House Doctors a partial summary judgment as to the negligence claims asserted by Gerald. Gerald then filed notices to alter, amend, or vacate both orders which were denied by orders entered on July 29, 2021, and August 3, 2021. Also, on August 3, 2021, the circuit court granted summary judgment to both House Doctors and Charles Parks on all remaining claims against them. On August 27, 2021, Gerald filed this appeal.

## II. ISSUES

Gerald presents five issues on appeal. First, he contends the circuit court erred in dismissing the premises liability claims he asserted against LCRCA and House Doctors for injuries he sustained resulting from what he alleges was their negligent failure to maintain the .27-acre parcel common area located near his property. Second, he contends the circuit court erred in dismissing claims he asserted against LCRCA, House Doctors, and Charles Parks for what he essentially alleged was their negligent failure to promptly locate and assist him after he sustained his injuries on the .27-acre tract. Third, he contends the circuit court erroneously dismissed a defamation claim he asserted against LCRCA. Fourth, he contends the circuit court improperly dismissed a contract or "financial matters" claim he asserted against LCRCA. Lastly, he argues the circuit court did not provide him adequate time to conduct discovery in this action. Our review proceeds accordingly.

## III. STANDARD OF REVIEW

Our standard of review upon appeal of a summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing CR 56.03). Upon a motion for summary judgment, all facts and inferences in the record are

-6-

viewed in a light most favorable to the nonmoving party and "all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citation omitted). If there are no factual issues, a summary judgment looks only to questions of law, whereupon we review a trial court's decision to grant summary judgment *de novo*. *Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016); *see also Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2011).

## IV. CLAIMS AGAINST HALPIN AND LCRCA

As previously noted, the circuit court granted Halpin a partial summary judgment dismissing all claims against him on March 20, 2020. Gerald's motion to alter, amend, or vacate was denied on September 9, 2020. Upon filing his notice of appeal on August 27, 2021, Gerald named Halpin as a party to this appeal. On October 20, 2021, Halpin filed a motion in this Court to dismiss himself as a party to the appeal on the premise that the appeal was untimely filed. By order entered February 8, 2022, a motion panel of this Court granted the motion, holding that the order entered September 9, 2020, was final and appealable pursuant to CR 54.02 and Gerald failed to timely file his appeal. Therein, this Court stated:

> In an action involving multiple claims or multiple parties, such as the case *sub judice*, CR 54.02(1) permits the circuit court to certify an otherwise interlocutory order as final and appealable upon a determination there

is no just cause for delay. *See Watson v. Best Fin. Serv., Inc.*, 245 S.W.3d 722, 726 (Ky. 2008) (citing CR 54.02) ("If the trial court grants a final judgment upon one or more but less than all of the claims or parties, that decision remains interlocutory unless the trial court makes a separate determination that 'there is no just reason for delay.' And the trial court's judgment shall recite such determination and shall recite that the judgment is final.") ([F]ootnotes omitted).

If a circuit court properly certifies the order as final and appealable under CR 54.02, a party must take an appeal from that order within the prescribed time. *See id.* at 727 ("In the event, however, that a trial court exercises its discretion and determines that a party is entitled to immediate appellate review, a party failing to appeal from a final judgment containing the requisite recitals . . . does so to its peril."). The appellant, at the very least, may appeal whether the trial court abused its discretion certifying the order as final and appealable. *Id.* ("If [the appellant] believed that the trial court abused its discretion in certifying [the appellant]'s claims, he should have filed his notice of appeal within thirty days of the trial court's final judgment under CR 54.02 and raised that issue on appeal.").

Here, the Court holds that the partial summary judgment, entered on March 20, 2020, adjudicated the claims against Mr. Halpin, and the circuit court certified that order as final and appealable under CR 54.02. Therefore, [Gerald] was required to file a notice of appeal within thirty days from the circuit court's order denying the CR 59.05 motion entered on September 9, 2020.

The record shows that [Gerald] did not file an appeal from the partial summary judgment in favor of Mr. Halpin until almost a year after the circuit court denied his CR 59.05 motion. This far exceeds the prescribed time for taking an appeal under CR

-8-

> 73.02(1)(a). Because [Gerald] did not timely file a notice
> of appeal from the partial summary judgment in favor of
> Mr. Halpin, we are constrained to dismiss Mr. Halpin
> from the appeal as a party-appellee.

February 8, 2022, Order at 5-7.

Gerald does not challenge Halpin's dismissal as an appellant. However, LCRCA does note in its brief that the circuit court concluded in the March 20, 2020, order that LCRCA's conduct was not the proximate cause of Gerald's injuries and that like Halpin, LCRCA was entitled to summary judgment dismissing Gerald's claims. Record at 500. Similarly, in the September 9, 2020, order, LCRCA emphasizes footnote 1 of the Order which reads:

> The March 20, 2020, Order also dismisses the personal
> injury claims asserted by Plaintiff against the Defendant
> Lake Cumberland Resort Community Association, Inc.
> ("LCRCA"). However, Plaintiff did not address the
> dismissal of those claims in his Motion or at the hearing
> and, therefore, they are not discussed herein.

Record at 576.[3]

As previously stated, Gerald did not appeal the March 20, 2020, Order made final by the Court's September 9, 2020, Order.[4] Apparently, out of an

---

[3] The Court notes that at least four different judges have presided over this case since its filing in 2018. The March 20, 2020, order was entered by Special Judge Daniel J. Venters and the September 9, 2020, order was entered by Circuit Judge Jeffrey T. Burdette.

[4] Gerald Dick also acknowledges in his brief that "while no motions by LCRCA were pending before the Court, it also granted summary judgement [sic] to LCRCA in its dicta." Gerald's Brief at 7.

abundance of caution, LCRCA filed a motion on September 28, 2020, for entry of judgment based on the court's earlier orders entered on March 20 and September 9. By Order entered on December 15, 2020, the court granted a summary judgment for LCRCA based on its March 20 Order. Gerald sought CR 59.05 relief from this Order which was subsequently denied by order entered July 29, 2021.[5]

Based on our review of the record and the various orders entered therein, it is clear that all of the claims asserted against Halpin and LCRCA were resolved by the orders entered on March 20, 2020, and September 9, 2020. By failing to timely appeal these orders pursuant to CR 73.02(1)(e) (now RAP 3(E)(2)), any issues or claims against LCRCA must also fail, including the defamation claim, for the same reasons for which Halpin was dismissed, as stated in the February 8, 2022, Order of this Court.[6]

Notwithstanding, since the primary claims in this appeal against all parties looks to personal injuries suffered by Gerald in mowing the .27-acre

---

[5] The December 15, 2020, summary judgment was entered by Circuit Judge Jeffrey T. Burdette, who later retired on March 31, 2021. The July 29, 2021, order was entered by Circuit Judge John G. Prather, Jr.

[6] The circuit court specifically addressed the defamation claim in its March 20, 2020, Order. Since Stephen Halpin was acting on behalf of LCRCA, any claim for defamation against LCRCA arose through Halpin's conduct. The court concluded that no defamation occurred in its earlier order, which as noted, was not timely appealed. This precludes any liability by LCRCA for defamation.

-10-

common area, we will briefly address the premises liability issues raised in this appeal by Gerald.

Under prior Kentucky precedents, the facts of this case might have easily fit into an open and obvious doctrine analysis that would have precluded any liability by LCRCA to Gerald for injuries from the mowing accident. Under this doctrine, a land owner or possessor could not be held liable to a visitor on his property, regardless of the visitor's status, who was injured by open and obvious dangers that were known to the visitor or otherwise so obvious that the visitor would be expected to discover them. *Rogers v. Pro. Golfers Ass'n of Am.*, 28 S.W.3d 869 (Ky. App. 2000).

However, the Kentucky Supreme Court modified the open and obvious doctrine beginning with *Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 385 (Ky. 2010) and its progeny.[7] In *McIntosh*, the Kentucky Supreme Court adopted the position of the *Restatement (Second) of Torts* with respect to open and obvious conditions. That position is stated as follows:

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. . . .

---

[7] *See also Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891 (Ky. 2013); *Shelton v. Kentucky Easter Seals Soc'y, Inc.*, 413 S.W.3d 901 (Ky. 2013); *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288 (Ky. 2015); and *Goodwin v. Al J. Schneider Co.*, 501 S.W.3d 894 (Ky. 2016).

RESTATEMENT (SECOND) OF TORTS § 343A(1) (2020).

The Supreme Court further expounded upon its position in *McIntosh* in *Shelton v. Kentucky Easter Seals Society, Inc.*, 413 S.W.3d 901 (Ky. 2013). In explaining the retreat from the open and obvious doctrine, the Court stated:

> Traditionally, the open-and-obvious doctrine stated, "land possessors cannot be held liable to invitees who are injured by open and obvious dangers." As a result, if a plaintiff was injured by an open and obvious hazard, the landowner, regardless of any negligent conduct on its part, had a complete defense to any asserted liability. But, in *McIntosh*, we noted that a growing majority of states has moved "away from the traditional rule absolving, *ipso facto*, owners and occupiers of land from liability for injuries resulting from known or obvious conditions" and, instead, adopted the *Restatement (Second) of Torts's* approach to allow the jury to assess comparative fault.

*Id.* at 906 (citations omitted).

Despite the modifications to the open and obvious doctrine, the Supreme Court has not closed the door to summary judgment in premises liability actions. As explained in *Shelton*, 413 S.W.3d at 904, "a court no longer makes a no-duty determination but, rather, makes a no-breach determination, dismissing a claim on summary judgment or directed verdict when there is no negligence as a matter of law, the plaintiff having failed to show a breach of the applicable duty of care." Thus, "when the open-and-obvious doctrine relieves a defendant of liability, it is not because damages are not recoverable as a matter of policy (as [is] the case

-12-

with contributory negligence).  Instead, the defendant is not liable because he has satisfied the standard of care in the given factual scenario." *Id.* at 910.

The Supreme Court further stated in *Shelton* that:

> If reasonable minds cannot differ or it would be unreasonable for a jury to find breach or causation, summary judgment is still available to a landowner.  And when no questions of material fact exist or when only one reasonable conclusion can be reached, the litigation may still be terminated.

*Id.* at 916 (footnotes and citations omitted); *see also Goodwin v. Al J. Schneider Co.*, 501 S.W.3d 894, 898-99 (Ky. 2016).

This case falls squarely within both the non-breach and proximate cause analysis.[8]  Gerald was mowing the common area on his own volition and as he readily admitted at his deposition, he did not know why his ATV overturned.  At most, Gerald demonstrated he was injured in an accident that took place on LCRCA's property.  Absent proof that any unsafe condition on LCRCA's property caused his accident, Gerald could not demonstrate appellees breached any duty owed to him.  This is so because, when confronted with a premises liability claim:

> [n]either courts nor juries are authorized to indulge in speculation or guesswork as to the cause of accidents; there must be some tangible evidence from which it may be

---

[8] We acknowledge that the circuit court's analysis in its March 20, 2020, order focused on foreseeability and proximate cause.  However, whether breach or proximate cause, we believe the circuit court's order was correct and we can affirm a lower court for any reason supported by the record.  *See McCloud v. Commonwealth*, 286 S.W.3d 780, 786 (Ky. 2009).

> fairly said what brought about the accident. It has long been the rule in this state that no recovery can be had in such cases where the evidence is so unsatisfactory as to require surmise or speculation as to how the injury occurred, and that there will be no presumption of negligence.
>
> *Weidekamp's Adm'x v. Louisville & N.R. Co.*, 159 Ky. 674, 167 S.W. 882, 884 (1914) (citations omitted). As more recently stated, "'[b]elief' is not evidence and does not create an issue of material fact." *Sparks v. Trustguard Ins. Co.*, 389 S.W.3d 121, 124 (Ky. App. 2012) (citations omitted).

*Phelps v. Bluegrass Hosp. Mgmt., LLC*, 630 S.W.3d 623, 628-29 (Ky. 2021).

There being no evidence in the record below to support a breach of any duty owed to Gerald by LCRCA, nor any evidence of causation, his premises liability and personal injury claims against LCRCA are without merit as a matter of law.

## V.  CLAIMS AGAINST HOUSE DOCTORS AND PARKS

In January of 2017, House Doctors entered into a contract with LCRCA to provide maintenance for common areas and security throughout the Resort.  Parks was an employee of House Doctors and a member of security staff who was on duty at the time Gerald suffered his injuries on June 5, 2018.  The gist of the claims against House Doctors looks to its alleged failure to maintain the .27-acre common area near his home and to provide adequate security patrols to rescue

-14-

Gerald from his peril when the ATV overturned on him. The claims against Parks look to his failure to patrol the Resort and also rescue Gerald from his peril.

The earlier analysis of the premises liability issue as concerns Gerald's injuries also applies to House Doctors. There is simply no evidence in the record that House Doctors breached any duty owed to Gerald that could have remotely been the proximate cause of his injuries. In fact, given that House Doctors was not the owner or possessor of the common area, as determined by the circuit court, there does not appear to be any duty owing to Gerald, arising under House Doctors' contract with LCRCA other than to conduct its mowing services in a safe manner. There is no evidence or causal connection to link House Doctors' services with Gerald's accident on June 4, 2018.

A similar conclusion can be reached on Gerald's claims against House Doctors and Parks for their failure to timely rescue Gerald after the accident occurred. Gerald argues that had House Doctors and Parks conducted patrols on the evening of June 4, 2018, they would have discovered his peril and rescued him. Both House Doctors and Parks emphasized in their motions for summary judgment below that an affirmative duty to rescue has never been recognized in Kentucky absent a special relationship between the parties. *See Grimes v. Hettinger*, 566 S.W.2d 769, 775 (Ky. App. 1978). Even where a special relationship does exist, "the defendant is not liable for failure to render aid unless he knows or has reason

to know of the plaintiff's peril." *Id*. (citation omitted). To be clear, Gerald's argument is *not* that these appellees knew or had reason to know of his peril. There is no evidence any of the appellees knew of Gerald's peril until Gerald's girlfriend informed Parks about the situation when she arrived at the Resort late that evening after being called by Gerald. And Gerald testified that he believed Parks "acted appropriately" once Parks learned of the accident. Gerald's Depo. at 339.

Rather, Gerald's argument is that *if a properly conducted patrol had occurred*, they *would* have known about his peril. Putting aside the speculative nature of his argument, Gerald cites no statute, legal authority, or contractual provision that required appellees to patrol the specific location where the accident occurred. He also makes no argument that the area in which he was injured was so inherently dangerous that it required supervision to make it safe.

Equally important, Gerald presented absolutely no evidence that had he been discovered earlier at the accident site by Parks, his injuries would have been less severe. For these reasons, we find no disputed material facts or legal basis to preclude entry of summary judgment for House Doctors and Parks.

## VI. FINANCIAL MATTERS/
## CONTRACT CLAIM AGAINST LCRCA

In Gerald's original complaint, he asserted "derivative" claims as a member of LCRCA, seeking injunctive relief relating to internal and financial

matters pertaining to LCRCA.  The circuit court dismissed these claims against LCRCA in its March 20, 2020, Order and further enunciated its legal basis for denying the derivative claims in the September 9, 2020, Order.  This ruling was not timely appealed.  However, the court permitted Gerald to amend his complaint by Order entered October 9, 2020.  The amended complaint dropped the derivative claims regarding financial matters and asserted contractual claims against LCRCA and its officers and directors regarding the calculation and billing of assessments; failure to review policies to insure compliance with governing documents and state law; and failure to recognize the separation of the neighborhoods.  Record at 606. The only demand for relief associated with these claims reads:

> 8.  To require LCRCA Defendants, and its agents, to follow its governing documents and to follow generally accepted methods of accounting, [and]
>
> 9.  To Order the return [of] the LCRCA financial books and other Association Records to the Resort for member inspection and viewing[.]

Record at 608.

In his brief, Gerald states that the new contractual claim as set out in the amended complaint is based upon the Kentucky Supreme Court decision of *Ballard v. 1400 Willow Council of Co-Owners, Inc.*, 430 S.W.3d 229 (Ky. 2013). Gerald asserts that under this precedent, LCRCA has not acted in good faith and

-17-

fair dealing in addressing his demands regarding financial management and other mandatory duties arising under LCRCA's contract with its members.

Based on our thorough review of the record on appeal, we find that the contractual claims asserted in the amended complaint are both vague and nebulous at best. The purported contract is referenced in paragraph 44 of the amended complaint but does not identify the contract or the date it was entered into. Record at 607. The allegations therein contain little or no detail regarding the purported contract from which these claims arise, or the specific terms of the contract upon which Gerald relies. Additionally, the amended complaint asserts no claim for contract damages nor does it seek injunctive relief under the "contract" theory of recovery.

Equally troubling is that the contract theory of recovery was not properly presented to the circuit court for consideration after the filing of the amended complaint in October of 2020. After filing the amended complaint, Gerald filed two memorandums of law with the court in response to LCRCA's motion for entry of judgment and made no reference to this contract theory or claim. Likewise, Gerald made no reference to the contract claim in his motion to alter, amend, or vacate the court's Order of December 15, 2020, filed on December 28, 2020. In fact, the purported contract is not even identified until Gerald filed his reply brief in this appeal, wherein he describes it as "his mandatory contract with

-18-

LCRCA from language contained in his Deed." Gerald's Reply Brief at 8. Again, absent from the record on appeal are the terms of the purported contract or deed which support this alleged claim.

Given the vagueness of the contract claim as asserted in the amended complaint and that the issue was never properly presented to the circuit court for consideration, this Court will not consider the same in this appeal. *Norton Healthcare, Inc. v. Deng*, 487 S.W.3d 846, 852 (Ky. 2016). Notwithstanding, this opinion does not preclude Gerald from properly asserting contract claims against LCRCA that may be permitted under *Ballard* in a separate action.

## VII. DENIAL OF DISCOVERY

The final issue raised in this appeal that we shall consider is Gerald's claim he was prohibited from conducting discovery related to LCRCA. Again, we must disagree with Gerald's argument. We do agree that "for summary judgment to be properly granted, the party opposing the motion must have been given adequate opportunity to discover the relevant facts. Only if that opportunity was given do we reach the issue of whether there were any material issues of fact precluding summary judgment." *Suter v. Mazyck*, 226 S.W.3d 837, 842 (Ky. App. 2007). However, "opportunity" is the operative word in this context: "There is no requirement that discovery be completed, only that the non-moving party have

-19-

'had an opportunity to do so.'" *Carberry v. Golden Hawk Transp. Co.*, 402

S.W.3d 556, 564 (Ky. App. 2013) (citation omitted). To that end,

> Whether a summary judgment was prematurely granted must be determined within the context of the individual case. In the absence of a pretrial discovery order, there are no time limitations within which a party is required to commence or complete discovery. As a practical matter, complex factual cases necessarily require more discovery than those where the facts are straightforward and readily accessible to all parties.

*Suter*, 226 S.W.3d at 842. To demonstrate that more discovery is needed, the party

opposing summary judgment must proffer "specific examples of what discovery

could have been undertaken that would have affected the outcome had it been

conducted." *Benton v. Boyd & Boyd, PLLC*, 387 S.W.3d 341, 344 (Ky. App.

2012).

In this case, the complaint was filed on July 3, 2018, and the Court's

first order finding no negligence by LCRCA or Halpin was entered on March 20,

2020, which did not become final until September 9, 2020. In other words, Gerald

had almost two years to conduct discovery which he failed to do. Based upon his

arguments on appeal, the discovery to be sought, although not specifically

identified, primarily looked to negligence claims against LCRCA, for which we

have held there exists no issues of fact or law in dispute therein. Accordingly, we

find the denial of discovery claim to be without merit.

## VIII.  CONCLUSION

As set forth in the foregoing analysis, we affirm the circuit court's orders granting summary judgment in favor of each of the appellees named in this appeal.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Heidi Weatherly
Mt. Vernon, Kentucky

BRIEF FOR APPELLEE LAKE CUMBERLAND RESORT COMMUNITY ASSOCIATION, INC.:

Ian A. Loos
Ryan E. Galloway
Bowling Green, Kentucky

BRIEF FOR APPELLEES RENAISSANCE ENTERPRISES OF SOMERSET, INC., D/B/A HOUSE DOCTORS 484 AND CHARLES PARKS, IN HIS CAPACITY AS AGENT OF RENAISSANCE ENTERPRISES OF SOMERSET, INC., D/B/A HOUSE DOCTORS 484, AND INDIVIDUALLY:

Clayton O. Oswald
London, Kentucky

Robert J. Rosing
Louisville, Kentucky